**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUIDECRAFT, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-01097 |
| | ) | |
| GOPLUS CORP., a California | ) | Electronically Served |
| Corporation; COSTZON, INC., a | ) | |
| California Corporation; | ) | |
| COSTWAY.COM, INC.; and WEI WU, | ) | |
| an individual | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
OR IN THE ALTERNATIVE TRANSFER VENUE, PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), (3), AND (6)**

Defendants GoPlus Corp., Costzon, Inc, Costway.com, Inc., and Wei Wu (collectively, "Defendants") move this Court to dismiss the Complaint filed against them by Plaintiff GuideCraft, Inc. ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), stating as follows:

1.     On September 10, 2018, Plaintiff filed its 12-count First Amended Complaint alleging a variety of trademark, copyright, and Pennsylvania law causes of action. ECF No. 8.

2.     Plaintiff manufactures and sells a variety of children's step stools specifically designed to help in the kitchen. Plaintiff holds an alleged trademark for the name Kitchen Helper. Plaintiff alleges, with no supporting facts, that these stools and the mark are highly sought after and widely recognized.

3.     Plaintiff contends Defendants have infringed on its trademark rights by using the Kitchen Helper mark. Plaintiff further alleges that Defendants have infringed on the trade dress of its Kitchen Helper line of stools by selling similar step-stools that enable children to help in the kitchen. Finally, despite acknowledging that it holds no registered copyrights for its stool designs,

Plaintiff alleges Defendants have infringed on this unregistered, but "copyrighted" stool designs.

4.     In the complaint, the only allegations supporting this Pennsylvania Court's exercise of personal jurisdiction over Defendants are the identical boilerplate and conclusory allegation that:

> Personal jurisdiction over [Defendant] is proper in this Court under the principles of due process and Pennsylvania's Long Arm Statute because, *upon information and belief*, [Defendant] conducts business within the Commonwealth of Pennsylvania and this judicial district.

*See* ECF No. 8, ¶¶ 9-12 (emphasis added). The Complaint does not allege *any* of the parties reside in or otherwise have contact with Pennsylvania.

5.     The Complaint contains no allegations regarding acts committed by, or harm caused by, Defendants in Pennsylvania. The Complaint contains no allegations regarding *any* acts committed by, or harm caused to, Plaintiff in Pennsylvania. The Complaint does not allege that a single allegedly infringing product was marketed in, sold in, or delivered to Pennsylvania. The Complaint does not allege that a single Pennsylvania resident purchased any of the infringing goods. In fact, the Complaint does not allege *anything* occurred in Pennsylvania.

6.     Accordingly, Defendants request that:

   a.   This case be dismissed because this Pennsylvania Court lacks personal jurisdiction over all of the Defendants and venue is not proper;

   b.   This case alternatively be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). The only connection to this District is Plaintiff's counsel's office. The balance of private and public factors demonstrate that litigation would more conveniently proceed in the Central District of California;

   c.   The case be dismissed because Plaintiff's complaint is a classic "shotgun

pleading" in violation of Rule 8;

    d.   The case be dismissed because Plaintiff's group allegations lodged generally against all "Defendants" without attributing specific acts to any defendant fail to state an adequate claim putting Defendants on notice of their alleged misconduct;

    e.   Counts One, Two, Five, and Six be dismissed for failure to state a claim for trademark infringement and unfair competition given that Plaintiff's asserted trademark is generic and therefore invalid;

    f.   Plaintiff's trade dress claim be dismissed because Plaintiff failed to plead the requisite specificity to support a trade dress claim, failed to adequately plead non-functionality, and failed to adequately plead distinctiveness and secondary meaning;

    g.   Plaintiff's copyright claim be dismissed because Plaintiff does not hold the necessary copyright registration as a prerequisite to filing a copyright lawsuit;

    h.   Plaintiff's Pennsylvania's Unfair Trade Practices and Consumer Protection Law be dismissed with prejudice because Plaintiff has not purchased anything and therefore lacks standing to bring a claim;

    i.   Plaintiff's tortious interference, unjust enrichment, and dilution claims be dismissed because Plaintiff fails to sufficiently allege the required elements of the claims; and

    j.   Counts Ten, Eleven, and Twelve be stricken as they set forth proposed remedies, as opposed to stand-alone causes of action.

7.    Pursuant to the Court's Standing Order regarding motion practice (ECF No. 6),

Defendants state that they have all discussed the foregoing motion amongst themselves and agree on its grounds and the relief sought but are unaware of Plaintiff's position.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety; or in the alternative, transfer the case to the Central District of California, and award Defendants such further relief as the Court deems just and appropriate.


November 30, 2018                          Respectfully submitted,

                                          /s/ *Jenna C. Hutchinson*_____
                                          Jenna C. Hutchinson
                                          PA ID No. 316553
                                          Troutman Sanders LLP
                                          875 Third Avenue
                                          New York, NY 10022
                                          (212) 704-6034
                                          jenna.hutchinson@troutmansanders.com

                                          *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUIDECRAFT, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-01097 |
| | ) | |
| GOPLUS CORP., a California | ) | Electronically Served |
| Corporation; COSTZON, INC., a | ) | |
| California Corporation; | ) | |
| COSTWAY.COM, INC.; and WEI WU, | ) | |
| an individual | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, the undersigned caused a true and correct copy of *"Defendants' Joint Motion to Dismiss"* to be electronically served upon all counsel of record.

Respectfully submitted,

/s/ *Jenna C. Hutchinson*
Jenna C. Hutchinson
PA ID No. 316553
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
(212) 704-6034
jenna.hutchinson@troutmansanders.com

5