**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUIDECRAFT, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-01097 |
| | ) | |
| GOPLUS CORP., a California | ) | Electronically Served |
| Corporation, COSTZON, INC., a | ) | |
| California Corporation; | ) | Judge Mark R. Hornak |
| COSTWAY.COM, INC.; and WEI WU, | ) | |
| an individual | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF
<u>DEFENDANTS' JOINT MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

I.      THE COURT LACKS PERSONAL JURISDICTION OVER ALL
        DEFENDANTS ...................................................................................................... 2

II.     THE EXERCISE OF PERSONAL JURISDICTION HERE WOULD BE
        UNREASONABLE ................................................................................................ 4

III.    VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF
        PENNSYLVANIA.................................................................................................. 6

IV.     IF THE COURT DECLINES TO DISMISS OUTRIGHT, VENUE SHOULD BE
        TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA ......................... 7

V.      PLAINTIFF'S COMPLAINT IS AN IMPERMISSIBLE "SHOTGUN
        PLEADING" AND MUST BE DISMISSED.................................................................. 10

VI.     PLAINTIFF'S "GROUP" ALLEGATIONS AGAINST ALL DEFENDANTS IN
        THE COMPLAINT FAIL TO STATE A CLAIM AGAINST ANY
        DEFENDANT.......................................................................................................... 11

VII.    PLAINTIFF'S COUNTS ONE, TWO, FIVE, AND SIX FAIL TO STATE A
        CLAIM FOR TRADEMARK INFRINGEMENT AND UNFAIR
        COMPETITION ...................................................................................................... 12

VIII.   PLAINTIFF'S TRADE DRESS INFRINGEMENT CLAIM SHOULD BE
        DISMISSED .......................................................................................................... 13

        a.      Specificity ................................................................................................ 14

        b.      Functionality ........................................................................................... 15

        c.      Secondary Meaning .................................................................................. 16

IX.     PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM MUST BE
        DISMISSED .......................................................................................................... 16

X.      PLAINTIFF'S CLAIMS UNDER PENNSYLVANIA'S UNFAIR TRADE
        PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL") MUST BE
        DISMISSED AS IT LACKS STANDING TO ASSERT THEM .................................. 17

XI.     PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE
        WITH BUSINESS RELATIONS ............................................................................. 18

XII.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ............... 19

XIII.   PLAINTIFF FAILS TO STATE A CLAIM UNDER PENNSYLVANIA'S
         TRADEMARK DILUTION LAW ................................................................... 20

XIV.   COUNTS TEN, ELEVEN, AND TWELVE ARE REMEDIES, NOT CAUSES
         OF ACTION, AND MUST BE STRICKEN .................................................... 21

CONCLUSION .......................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. Canfield Co. v. Honickman*,
808 F.2d 291 (3d Cir. 1986).........................................................................12, 13

*Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.*,
CIV. 10-5303 DRD, 2011 WL 1080204 (D.N.J. Mar. 21, 2011) ..........................19

*Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*,
801 F. Supp. 1450 (E.D. Pa. 1992) ........................................................................18

*AJB Enterprises, LLC v. Backjoy Orthotics, LLC*,
3:16-CV-00758, 2016 WL 7341702 (D. Conn. Dec. 18, 2016) ......................14, 15

*Allied Old English, Inc. v. Uwajimaya, Inc.*,
No. CIV.A. 11-1239 ES, 2012 WL 3564172 (D.N.J. Aug. 16, 2012).....................8

*Am. Beverage Corp. v. Diageo N. Am., Inc.*,
936 F. Supp. 2d 555 (W.D. Pa. 2013).....................................................................14

*Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*,
480 U.S. 102 (1987)..................................................................................................5

*Balderston v. Medtronic Sofamor Danek, Inc.*,
285 F.3d 238 (3d Cir. 2002).....................................................................................18

*Bartol v. Barrowclough*,
251 F. Supp. 3d 855 (E.D. Pa. 2017) ................................................................10, 11

*Best Med. Int'l, Inc. v. Accuray, Inc.*,
No. 2:10-cv-1043, 2011 U.S. Dist. LEXIS 23571 (W.D. Pa. Mar. 9, 2011) ..........11

*Bockman v. First Am. Mktg. Corp.*,
459 F. App'x 157 (3d Cir. 2012) ..............................................................................7

*BP Envtl. Services, Inc. v. Republic Services, Inc.*,
946 F. Supp. 2d 402 (E.D. Pa. 2013) .......................................................................18

*Browne v. Zaslow*,
103 F.Supp.3d 666 (E.D. Pa. 2015) .........................................................................17

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985).................................................................................................5

*Capp, Inc. v. Dickson/Unigage, Inc.*,
   2004 WL 339672 (E.D. Pa. Feb. 19, 2004) ...........................................................9

*Carroll Co. v. Sherwin-Williams Co.*,
   848 F. Supp. 2d 557 (D. Md. 2012) ....................................................................21

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
   11 F. Supp. 3d 317 (E.D.N.Y. 2014) ..................................................................16

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d Cir. 1992)..................................................................................4

*Century Indem. Co. v. URS Corp.*,
   2009 WL 2446990 (E.D. Pa. Aug. 7, 2009) ........................................................20

*Chapman v. Dell, Inc.*,
   2009 WL 1024635 (W.D. Tex. 2009)....................................................................8

*Colur World, LLC v. SmartHealth, Inc.*,
   2010 WL 299512 (E.D. Pa. Jan. 25, 2010) .........................................................20

*Cook v. Gen. Nutrition Corp.*,
   2017 WL 4340664 (W.D. Pa. Sept. 29, 2017), *aff'd,* 2018 WL 4440418 (3d
   Cir. Sept. 17, 2018) .............................................................................................21

*Cottman Transmission Sys., Inc. v. Martino*,
   36 F.3d 291 (3d Cir. 1994)....................................................................................9

*D'Jamoos v. Pilatus Aircraft Ltd.*,
   566 F.3d 94 (3d Cir. 2009)....................................................................................2

*Dawes-Lloyd v. Publish America, LLLP*,
   441 F. App'x 956 (3d Cir. 2011) .........................................................................17

*Doe v. Quinones*,
   CV 17-719, 2018 WL 1955133 (W.D. Pa. Apr. 5, 2018).....................................11

*Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.*,
   40 F.3d 1431 (3d Cir. 1994)................................................................................14

*Executive Wings, Inc. v. Dolby*,
   131 F. Supp. 3d 404 (W.D. Pa. 2015)....................................................................6

*Fair Wind Sailing, Inc. v. Dempster*,
   764 F.3d 303 (3d Cir. 2014)..............................................................13, 14, 15, 16

*Ford Motor Co. v. Summit Motor Products, Inc.*,
   930 F.2d 277 (3d Cir. 1991)................................................................................12

*Frazier v. Southeastern Pa. Transp. Auth.*,
    785 F.2d 65 (3d Cir. 1986)................................................................19

*Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*,
    40 F.3d 63 (3d Cir. 1994)................................................................17

*Glob. Ground Support, LLC v. Glazer Enterprises, Inc.*,
    581 F. Supp. 2d 669 (E.D. Pa. 2008) ..........................................19

*Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962)........................................................................7

*Gray v. Great Valley Sch. Dist.*,
    102 F. Supp. 3d 671 (E.D. Pa. 2015) ..........................................21

*Greenberg v. Scholastic, Inc.*,
    CV 16-6353, 2018 WL 1532850 (E.D. Pa. Mar. 28, 2018)..................17

*Gregory S. Markantone, DPM, PC. v. Podiatric Billing Specialists, LLC*,
    CIV.A. 14-00215, 2014 WL 2605361 (W.D. Pa. June 9, 2014)............17

*Guidecraft, Inc., v. OJCommerce, LLC, et al.*,
    Case No. 2:18-cv-01247-JFC....................................................11

*Headon v. Colorado Boys Ranch*,
    2005 WL 1126962 (E.D. Pa. 2005) ..........................................8, 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)........................................................................2

*High River Ltd. P'ship v. Mylan Labs., Inc.*,
    353 F. Supp. 2d 487 (M.D. Pa. 2005) ..........................................8

*Hynson v. City of Chester Legal Dep't*,
    864 F.2d 1026 (3d Cir. 1988).....................................................10

*ID7D Co., Ltd. v. Sears Holding Corp.*,
    311CV1054 VLB, 2012 WL 1247329 (D. Conn. Apr. 13, 2012) ......15, 16

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)........................................................................2

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir.1995)...................................................7, 8, 10

*Katz v. Aetna Cas. & Sur. Co.*,
    972 F.2d 53 (3d Cir. 1992)..........................................................17

*Kellogg Co. v. Nat'l Biscuit Co.*,
   305 U.S. 111 (1938) ........................................................................................13

*Kline v. Valentic*,
   2006 WL 3762078 (W.D. Pa. Dec. 21, 2006) ........................................................10

*Litwak v. Tomko*,
   2018 WL 1378633 (M.D. Pa. Mar. 19, 2018) ..................................................10, 11

*Logopaint A/S v. 3D Sport Signs SI*,
   163 F. Supp. 3d 260 (E.D. Pa. 2016) ..............................................................7, 8, 9

*Lomanno v. Black*,
   285 F.Supp.2d 637 (E.D.Pa.2003) ....................................................................9

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007)............................................................................2, 3

*Menkowitz v. Pottstown Mem. Med. Ctr.*,
   No. 97-2669, 1999 U.S. Dist. LEXIS 9180 (E.D. Pa. June 21, 1999) ....................11

*Nor-Am Chem. Co. v. O.M. Scott & Sons Co.*,
   No. 86-3810, 1987 U.S. Dist. LEXIS 6336 (E.D. Pa. July 15, 1987) ....................12

*Novartis Consumer Health, Inc. v. McNeil-PPC, Inc.*,
   CIV. 99-280 (WHW), 1999 WL 707721 (D.N.J. Sept. 13, 1999) ..........................13

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007)...........................................................................5, 10

*Com. ex. rel. Pappert v. TAP Pharm. Prods., Inc.*,
   885 A.2d 1127 (Pa. Commw. 2005) ....................................................................19

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*,
   469 U.S. 189 (1985)........................................................................................12

*R.J. Ants, Inc. v. Marinelli Enters.*,
   LLC, 771 F. Supp. 2d 475 (E.D. Pa. 2011)..........................................................12

*Reed v. Chambersburg Area Sch. Dist. Found.*,
   No. 1:13-cv-00644, 2014 U.S. Dist. LEXIS 35275 (M.D. Pa. Mar. 17, 2014) ......14

*Rudolph v. Safari Club Int'l*,
   No. 12cv1710, 2013 U.S. Dist. LEXIS 38790 (W.D. Pa. Mar. 20, 2013)................3

*Shire US Inc. v. Barr Labs., Inc.*,
   329 F.3d 348 (3d Cir. 2003)........................................................................13, 14

*Strick Corp. v. Strickland*,
  162 F.Supp.2d 372 (E.D. Pa. 2001) ...................................................20

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
  735 F.2d 61 (3d Cir. 1984)..............................................................2

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
  532 U.S. 23 (2001)...............................................................15, 16

*United States v. Ohio Art Co.*,
  2010 WL 3155160 (W.D. Pa. July 30, 2010) ..........................................1

*Valley Forge Towers S. Condo. Ass'n v. Ron-Ike Foam Insulators, Inc.*,
  574 A.2d 641 (1990) ..................................................................17

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)....................................................................7

*Watkins v. ITM Records*,
  2015 WL 4505954 (E.D. Pa. July 24, 2015)...........................................4

*Weber v. Basic Comfort Inc.*,
  155 F.Supp.2d 283 (E.D. Pa.2001) ...................................................7

*World Wrestling Fedn. Entm't, Inc. v. Big Dog Holdings, Inc.*,
  280 F. Supp. 2d 413 (W.D. Pa. 2003)................................................12

**Statutes**

54 Pa.C.S.A. § 1124(1)-(7) ...........................................................20

15 U.S.C. § 1114.....................................................................12

15 U.S.C. § 1125(a) ..............................................................12, 14

28 U.S.C. § 1391.....................................................................6

28 U.S.C. § 1404(a) .................................................................7

Pa. Stat. § 201-9.2 .................................................................17

**Other Authorities**

4 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL
  PRACTICE AND PROCEDURE, § 1067.5. (3d ed. 2002) .................................2

Fed. R. Civ. P. 8....................................................................*passim*

Fed. R. Civ. P. 12(b) .............................................................1, 2

Fed. R. Civ. P. 15(a)(1)...................................................................................................................1

**BRIEF IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO DISMISS**

This case involves a trademark dispute between wholly foreign parties based on wholly foreign conduct. Plaintiff Guidecraft, Inc. ("Plaintiff"), a New York corporation with its principal place of business in Minnesota, brought this action against GoPlus Corp., Costzon, Inc., Cotsway.com, Inc., and Wei Wu (collectively, "Defendants"), three California entities with principal places of business in California and one individual Chinese resident — in the Western District of Pennsylvania. None of the parties are citizens of Pennsylvania, none of the conduct in the Complaint (First Amended Complaint, ECF No. 8)[1] is alleged to have occurred in Pennsylvania, and none of the Defendants have sufficient contacts with Pennsylvania to justify the exercise of personal jurisdiction over them in this forum. Indeed, the only connection to this District is the location of Plaintiff's counsel's office.[2]

Should the Court decline to reach the jurisdictional issue, this case should be transferred to the Central District of California, the proper venue for this dispute that involves parties with no connection to this District, and where continued proceedings here would inconvenience both parties, all relevant witnesses, and the cost of trial would be unfairly increased as to everyone other than Plaintiff's counsel.

On the merits, this complaint must also be dismissed because it is a stereotypical impermissible "shotgun pleading" that violates Rule 8. Further, it fails to allege the necessary elements of counts 1-9 and therefore fails to state a claim under Rule 12(b)(6). Finally, counts 10-

---

[1] Plaintiff has already amended its complaint once as a matter of right, in accordance with Fed. R. Civ. P. 15(a)(1).

[2] *United States v. Ohio Art Co.*, Civil Action No. 10-230, 2010 WL 3155160, at *2 (W.D. Pa. July 30, 2010) (noting that "the location or convenience of litigation counsel" should not be considered in determining the appropriateness of a given forum).

12, which recite remedies rather than independent causes of action, are improper should be stricken.

## I. The Court lacks personal jurisdiction over all Defendants.

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving it exists. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). To do so, the plaintiff must present a *prima facie* case for the exercise of personal jurisdiction through "specific facts" rather than vague or conclusory assertions. *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Bare legal conclusions and unsupported allegations are insufficient. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n9 (3d Cir. 1984) ("once the defense has been raised . . . at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion . . ."). Constitutionally, this Court cannot exercise personal jurisdiction over a defendant unless the defendant has had such "minimum contacts" with the forum state so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Supreme Court has identified two types of personal jurisdiction—specific personal jurisdiction and general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). The due process requirements for general personal jurisdiction are even more rigorous than for specific personal jurisdiction, because general jurisdiction requires proof of continuous and systematic contacts between the defendant and the forum state. *Helicopteros*, 466 U.S. at 415-16; *see also*, 4 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1067.5. (3d ed. 2002). General jurisdiction does not exist as to Wei Wu individually at least because Plaintiff has pleaded that he is a citizen of the state of California and Plaintiff has pleaded no facts regarding continuous and systematic contacts

between Wei Wu and the state of Pennsylvania.[3]  *See* ECF No. 8, ¶ 6, 12 (alleging without basis only that Wei Wu generally "conducts business" in Pennsylvania).  General jurisdiction does not exist as to the three corporate Defendants, GoPlus, Costzon, and Costway.com, because none of these corporate defendants maintains its principal place of business here, is incorporated here, or is so connected to this district as to "render [it] essentially at home" here. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

To establish specific jurisdiction, the plaintiff must prove that: (1) the defendant has purposefully directed his activities at the forum, (2) that plaintiff's claim arises out of or relates to the defendant's specific activities in the forum, and (3) that the court's exercise of jurisdiction over the defendant comports with traditional notions of fair play and substantial justice.  *See Marten,* 499 F.3d at 296.  Plaintiff has pleaded none of the requisite bases to establish personal jurisdiction over the named defendants in this case. Here, the complaint's allegations fail to establish the threshold requirements that any Defendant purposefully directed activities into Pennsylvania, that the claims arise out of the defendants' activities in Pennsylvania, and that the court's exercise of jurisdiction comports with fair play and substantial justice.

The full extent of the complaint's allegations tying this case to Pennsylvania are that, "on information and belief," each defendant "conducts business within the Commonwealth of Pennsylvania."  ECF No. 8, ¶¶ 9-12. Nothing else ties Pennsylvania to any action of any party, much less the specific actions alleged to form the basis of this suit.  The Complaint does not allege that any of the Defendants purposely directed infringing advertisements into Pennsylvania.  The

---

[3] *See Rudolph v. Safari Club Int'l*, No. 12cv1710, 2013 U.S. Dist. LEXIS 38790, *12 (W.D. Pa. Mar. 20, 2013) ("This latter test for 'general' jurisdiction is more difficult to meet in that the Individual Defendants' activities in Pennsylvania (the forum state) must be "extensive and persuasive."")

Complaint does not allege that any Defendant solicited any sales from, or made any sales to, an individual in Pennsylvania. The Complaint does not allege that allegedly infringing product has been delivered to Pennsylvania. The Complaint does not allege how Plaintiff, a New York corporation headquartered in Minnesota, has suffered any harm in Pennsylvania. Instead, the Complaint vaguely alleges that Defendants have "unlawfully used and are currently unlawfully using" Plaintiff's trademark, trade dress, and copyright "*in the United States*." ECF No. 8, ¶¶ 18, 29, 36 (emphasis added). As such, Plaintiff has failed to demonstrate that any Defendant has the requisite minimum contacts with Pennsylvania.

This failure to allege jurisdiction is compounded by Plaintiff's insufficient pleadings. It is axiomatic that Courts must have personal jurisdiction over each Defendant independently. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 145 n.6 (3d Cir. 1992). Here, Plaintiff has frustrated that goal by failing to differentiate between the specific contacts each of the four Defendants are alleged to have made with Pennsylvania.[4] *See Watkins v. ITM Records*, No. 14-cv-01049 RAL, 2015 WL 4505954, at *3 n.2 (E.D. Pa. July 24, 2015) (dismissing claim where plaintiff referred to "defendants" together because "lumping all defendants together with only general allegations is insufficient."). Plaintiff's group pleading and undifferentiated allegations against all Defendants fails to distinguish between GoPlus Corp., Costzon, Inc., Costway.com, and Wei Wu. Accordingly, Plaintiff has wholly failed to satisfy its burden of establishing the requisite minimum contacts and the frivolity of its jurisdictional allegations are apparent from the face of the Complaint. Therefore, the Complaint must be dismissed.

**II.     The exercise of personal jurisdiction here would be unreasonable.**

---

[4] The corporate Defendants are separate and distinct entities that strictly adhere to all corporate formalities. Plaintiff sets forth no allegations in relation to alter-ego liability or piercing of the corporate veil that would justify its indivisible treatment of Defendants.

Even had Plaintiff properly alleged "minimum contacts" with Pennsylvania, requiring Defendants to defend this action here would "offend traditional notions of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985) ("minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities."). To determine whether "fair play and substantial justice" would be offended by exercising jurisdiction, a court must:

> evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies."

*Id.* at 477. "[T]he burden on the defendant is a "primary concern" in any case." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007).[5]

If this case were to proceed in Pennsylvania, Defendants would be required to travel at least 2,400 miles to the Western District of Pennsylvania from California, or even farther, from China. All the witnesses and evidence related to Defendants' conduct, design, and intent are located either in California or in China. Even Plaintiff's witnesses and evidence are located 1,000 miles away in Minnesota. Furthermore, either California or Minnesota have the "considerable substantive interest in determining the rights and liabilities of its own domestic corporations." *Id.* at 325. Pennsylvania, however, has essentially no interest in this case because in stark contrast to

---

[5] In *O'Connor*, the Third Circuit recognized that Defendant having to travel "2,000 miles to litigate in Pennsylvania," the fact that "most of the witnesses," and "evidence," would be located outside of Pennsylvania, and the fact that a foreign forum had a "considerable 'substantive interest' in determining the rights and liabilities of its own domestic corporations" were a "substantial" burden on Defendant. *Id.* at 324-25. Nonetheless, the *O'Connor* court upheld personal jurisdiction because the Plaintiff was a Pennsylvania resident and the foreign defendant's interests "do not entirely dwarf the interests of the [plaintiffs] and the forum state." *Id.*

*O'Connor*, here, Plaintiff is not a Pennsylvania resident. *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 114 (1987). ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished.").

Turning to the Supreme Court's factors above, the burden on the defendants is substantial, the forum state's interest in adjudicating a dispute between two foreign parties is minimal to non-existent, the Plaintiff's interest in obtaining efficient resolution of controversies is not served by litigating a case where neither it, nor Defendants are located, and the shared interest of the several states is best served by allowing California courts to adjudicate this dispute against California based companies. In every case Defendants' counsel reviewed that upheld a finding of "fair play and substantial justice," the plaintiff was a resident of the forum state. Here, Plaintiff is a non-resident and did not allege any harm in Pennsylvania.

Plaintiff has failed to allege Defendants' minimum contacts with Pennsylvania and has failed to identify which Defendant has done what. Further, even if minimum contacts are assumed over each Defendant, Plaintiff has failed to allege why the exercise of jurisdiction by this Court over foreign parties would comport with fundamental notions of fair play and substantial justice. This Court should decline to exercise jurisdiction.

## III.   Venue is not proper in the Western District of Pennsylvania.

Venue is proper in the judicial district where any defendant resides (if all defendants are residents of that state), in the judicial district where a substantial part of the events giving rise to the claim occurred, or if there is no other proper district in any district where a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391. "[T]he venue provision favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial, and that substantiality is intended to preserve the element of fairness so that a defendant is not haled into a

remote district having no real relationship to the dispute." *Executive Wings, Inc. v. Dolby*, 131 F. Supp. 3d 404, 414 (W.D. Pa. 2015) (quoting *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012)).

Here, no defendant resides in Pennsylvania and California is a proper district in which to bring this suit. There is also no allegation that a substantial part of the events giving rise to the suit took place in Pennsylvania, nor an allegation that the unauthorized passing off took place in Pennsylvania. To the contrary, Plaintiff alleges that "Defendants have unlawfully used" Plaintiff's trademark, trade dress, and copyright, "*in the United States*" generally. Accordingly, this action should be dismissed, or alternatively, as discussed below, transferred.

## IV. If the Court declines to dismiss outright, venue should be transferred to the Central District of California.

A district court "may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought." *Weber v. Basic Comfort Inc.*, 155 F.Supp.2d 283, 284 (E.D. Pa.2001) (citing 28 U.S.C. § 1404(a)). The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "In ruling on a motion to transfer, the Court should consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Weber*, 155 F.Supp.2d at 284 (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). Venue must be appropriate in the transferee district, but if it is, "District Courts are vested with 'broad discretion' when determining whether transfer is appropriate." *Logopaint A/S v. 3D Sport Signs SI*, 163 F. Supp. 3d 260, 263 (E.D. Pa. 2016) *citing Jumara*, 55 F.3d at 883. Finally, transfer is permitted "whether the court in which it was filed had personal jurisdiction over the defendants or

not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Venue and personal jurisdiction are proper in the Central District of California, where all Defendants reside,[6] and transfer would also be in the interests of justice. The Third Circuit considers public and private interests when deciding whether to transfer. *Jumara*, 55 F.3d at 879. The private interests are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) & (6) the convenience of the witnesses and evidence to the extent they would be unavailable in a particular forum. *Id.* The public interests are: (1) the enforceability of the judgment; (2) the congestion of the court's docket; (3) the trial judge's familiarity with any applicable state law; (4) the local forum's interest in deciding the case; and (5) practical considerations that would make trial easy, expeditious, or inexpensive. *Id.* All of these factors must be assessed to "determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.*

Starting with the private factors, while great deference is usually given to a Plaintiff's chosen forum, that is not the case when the Plaintiff is foreign or when the case has little connection with the chosen forum. *Logopaint,* 163 F. Supp. 3d at 266 (citation omitted); *Allied Old English, Inc. v. Uwajimaya, Inc.*, No. CIV.A. 11-1239 ES, 2012 WL 3564172, at *3 (D.N.J. Aug. 16, 2012).[7] Here, Plaintiff is foreign and no allegations in the complaint tie the case to Pennsylvania.

---

[6] For the purposes of this motion only, Defendants accept as true Plaintiff's allegation that Wei Wu is a resident of California, although he is located in China.

[7] *High River Ltd. P'ship v. Mylan Labs., Inc*., 353 F. Supp. 2d 487, 499 (M.D. Pa. 2005) ("In this case, all relevant considerations point in favor of transfer out of the Middle District of Pennsylvania. None of the parties or witnesses are located here. None of the events giving rise to the litigation occurred here. None of the relevant documents are located here."); *Headon v. Colorado Boys Ranch*, 2005 WL 1126962 at *4 (Plaintiff's choice of venue is entitled to less deference if few operative facts took place there.); *Chapman v. Dell, Inc.*, No. EP-09-CV-7-KC, 2009 WL 1024635, *4 (W.D. Tex. 2009) ("[W]hen plaintiff has not brought suit on its home turf

Second, Defendants' preference is the Central District of California. Because Plaintiff is foreign and the allegations do not demonstrate any of the operative facts took place in this forum, Defendant's choice is entitled to *more* weight than Plaintiff. *Lomanno v. Black*, 285 F.Supp.2d 637, 644-645 (E.D.Pa.2003) (giving defendant's choice of venue preference more weight than plaintiff when most, if not all, of operative facts occurred outside of forum) *accord Headon v. Colorado Boys Ranch*, No. 204CV04847LDD, 2005 WL 1126962, at *4 (E.D. Pa. May 5, 2005).

Third, Plaintiff's claims, to the extent they exist, arise "where the unauthorized passing off takes place." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). As Plaintiff makes no allegations that the unauthorized passing off took place in Pennsylvania, the only place it could have substantially taken place is at Defendants' principal places of business in California or China. *Capp, Inc. v. Dickson/Unigage, Inc.*, No, Civ.A. 03-5046, 2004 WL 339672, at *3 n2 (E.D. Pa. Feb. 19, 2004) (holding that venue for a Lanham act claim could arise "where the deceptive label is affixed."). Fourth, when deciding the parties' convenience, "[a]ppropriate factors to consider include 'the parties' physical location' and 'the associated logistical and operational costs to the parties' employees in traveling to Pennsylvania . . .'" *Logopaint*, 163 F. Supp. 3d at 267. Here, <u>all</u> parties will be required to travel over 1000 miles to Pennsylvania, whereas proceedings in the Central District of California would obviate this travel for all defendants. Thus, "[r]equiring [all parties] to travel to this District would result in the expenditure of additional logistical and operational costs that are otherwise unnecessary. This factor weighs in favor of transfer." *Id*. The final two private factors regarding the availability of witnesses and evidence also favor California, again, because Defendants' principal places of business are in

---

. . . the quantum of inconvenience to defendant needed to tip the balance in favor of transfer is concomitantly reduced.").

California.  Thus, the private factors clearly weigh in favor of transfer.

As to the public factors, the first three are neutral given that there will be no enforcement problems, the dockets have similar caseloads, and both Pennsylvania and California judges are familiar with federal trademark law.  Nevertheless, as between California and Pennsylvania, California has a stronger interest in deciding this case because all Defendants are in California. *See O'Connor*, 496 F.3d at 325 (recognizing state's "considerable substantive interest in determining the rights and liabilities of its own domestic corporations").  In short, the Central District of California is where "the litigation would more conveniently proceed and the interests of justice be better served." *Jumara*, 55 F.3d at 879. This case should accordingly be transferred to the Central District of California.

## V.    Plaintiff's complaint is an impermissible "shotgun pleading" and must be dismissed.

"[S]hotgun pleadings . . . have been regularly criticized by the Third Circuit and fail to meet the pleading requirements of Rule 8." *Litwak v. Tomko*, No. 3:16-cv-00446, 2018 WL 1378633, at *5 (M.D. Pa. Mar. 19, 2018). *See Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017); *Kline v. Valentic*, No. 06-642, 2006 WL 3762078, at *3 (W.D. Pa. Dec. 21, 2006). While shotgun pleadings generally come in "four different types," two are relevant here. *Litwak*, 2018 WL 1378633, at *5 n4; *Bartol*, 251 F. Supp. 3d at 859. Specifically:

> "(1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . . and (4) a complaint that 'asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'"

*Id.* (citation omitted).

Plaintiff's complaint is a classic shotgun pleading because it violates Rule 8 through *both* of the above-mentioned categories. First, every one of Plaintiff's counts begins with the statement

that "[t]he allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein." ECF No. 8, ¶¶ 41, 47, 55, 63, 71, 76, 83, 88, 93, 97, 99, 101; *Litwak*, 2018 WL 1378633, at *5. Second, the complaint impermissibly lumps each individual Defendant together under the misnomer of "Defendants" and fails to identify what specific act each Defendant is alleged to have committed. *Bartol*, 251 F. Supp. 3d at 859–60 (dismissing as a shotgun pleading, because the complaint made no distinction among defendants but was "replete with allegations that 'the defendants' engaged in certain conduct.").[8] Plaintiff's complaint is a stereotypical "shotgun pleading;" as such it "does not comply with the mandates of Rule 8," and it must be dismissed in its entirety. *Litwak*, 2018 WL 1378633, at *6.

**VI.   Plaintiff's "group" allegations against all Defendants in the Complaint fail to state a claim against any Defendant.**

The relevant pleading standards require more from Plaintiff than simply "conclusory references to all of the Individual Defendants as a group." *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2011 U.S. Dist. LEXIS 23571, *16 (W.D. Pa. Mar. 9, 2011). Without individualized allegations, the complaint "fails to give each Individual Defendant notice of the misconduct with which each is charged and fails to enable the Court to evaluate the [ ] claims against each person." *Id.*[9] Perhaps most indicative of how improperly generalized Plaintiff's allegations in this case are is the fact that Plaintiff has used an essentially identical complaint

---

[8] *Doe v. Quinones*, CV 17-719, 2018 WL 1955133, at *9 (W.D. Pa. Apr. 5, 2018), report and recommendation adopted, 2:17CV719, 2018 WL 1951094 (W.D. Pa. Apr. 25, 2018) (dismissing for failure to identify which defendant did what, and which defendant was being sued for what).

[9] *See also Menkowitz v. Pottstown Mem. Med. Ctr.*, No. 97-2669, 1999 U.S. Dist. LEXIS 9180, *12 (E.D. Pa. June 21, 1999) ("[T]he individual defendants cannot fairly be maintained as defendants to this lawsuit merely by association with PMMC or by general allegations concerning 'individual defendants' as a group. The allegations do not set forth facts sufficient to give the individual defendants notice as to the misconduct with which each is charged or to provide this Court with a basis upon which to determine the viability of the claims against each of them.").

against an unrelated third party in another case currently pending in this district. *See Guidecraft, Inc., v. OJCommerce, LLC, et al.*, Case No. 2:18-cv-01247-JFC. Plaintiff simply cannot recite with specificity the acts attributable to any one defendant, including the defendants in its other case. Plaintiff's complaint should be dismissed in its entirety.

## VII. Plaintiff's Counts One, Two, Five, and Six fail to state a claim for trademark infringement and unfair competition.

Plaintiff's First, Second, Fifth, and Sixth counts are grounded in federal and state law governing trademark infringement and unfair competition. Each of these counts will be decided under the same legal standard, and therefore, they rise and fall together. *See, e.g.*, *World Wrestling Fedn. Entm't, Inc. v. Big Dog Holdings, Inc.*, 280 F. Supp. 2d 413, 445 (W.D. Pa. 2003) ("Federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125 (a)(1)(A), are measured by identical standards."); *Nor-Am Chem. Co. v. O.M. Scott & Sons Co.*, No. 86-3810, 1987 U.S. Dist. LEXIS 6336, *4 (E.D. Pa. July 15, 1987) (noting that elements of claims under the Lanham Act, Pennsylvania common law, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law "are sufficiently similar that the same legal standards apply."); *R.J. Ants, Inc. v. Marinelli Enters.*, LLC, 771 F. Supp. 2d 475, 489 (E.D. Pa. 2011) ("A Pennsylvania common law cause for unfair competition is identical to the Lanham Act, without the federal requirement of interstate commerce.").

To state a claim for trademark infringement or unfair competition, Plaintiff must first show: "(1) the marks are valid and legally protectable." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 291 (3d Cir. 1991). Marks are classified as arbitrary, suggestive, descriptive, or generic. *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 298 (3d Cir. 1986). When a term is arbitrary or suggestive, it automatically qualifies for protection, and when a term is found as generic it is never protectable. *Honickman,* 808 F.2d at 297. "A generic term is one that refers to

the genus of which the particular product is a species" *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985). As a matter of law, a generic mark "is never protectable because even complete 'success . . . in securing public identification . . . cannot deprive competing manufacturers of the product of the right to call an article by its name." *Honickman*, 808 F.2d at 297.

Based solely on the allegations in the Complaint and exhibits attached thereto, this Court can readily determine that the term "Kitchen Helper" is generic, and not entitled to trademark protection as a matter of law. Indeed, courts have repeatedly found terms referring to general product descriptions to be generic and unprotectable. *See Novartis Consumer Health, Inc. v. McNeil-PPC, Inc.*, CIV. 99-280 (WHW), 1999 WL 707721, at *1 (D.N.J. Sept. 13, 1999) (finding the term "Softchews" generic and unprotectable as it merely described a soft and chewable tablet); *Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111 (1938) (finding the term "Shredded Wheat" to be generic and not protectable); *Honickman*, 808 F.2d at 292-93 (holding that the mark "chocolate fudge soda" was generic because the term "chocolate fudge" was an unprotectable "common descriptive explanation" of the good in question). Like the terms "chocolate fudge," "Shredded Wheat," and "Softchews," the phrase "kitchen helper" is a generic term that, on its face, is the name for a product that helps a person work in a kitchen. Accordingly, because the generic phrase "kitchen helper" is not protectable, Plaintiff's trademark infringement claim must be dismissed.

**VIII.    Plaintiff's trade dress infringement claim should be dismissed.**

The term "[t]rade dress refers to the design or packaging of a product which serves to identify the product's source." *Shire US Inc. v. Barr Labs., Inc.*, 329 F.3d 348, 353 (3d Cir. 2003). "Trade dress protection does not shield businesses from plagiarism." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014). "Indeed, trade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products." *Id.*

"Thus, the law does not afford every combination of visual elements exclusive legal rights. Instead, trade dress protection extends only to incidental, arbitrary or ornamental product features which identify the product's source." *Id*. at 309; *Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.,* 40 F.3d 1431, 1449 (3d Cir. 1994) ("the design must be "memorable—that is, striking or unusual in appearance . . . so that it is likely to be actually and distinctly remembered.").

"To establish infringement of its unregistered trade dress a plaintiff must prove that (1) the allegedly infringing feature is non-functional, (2) the feature is inherently distinctive or has acquired secondary meaning, and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *Shire US Inc. v. Barr Labs., Inc.*, 329 F.3d 348, 353 (3d Cir. 2003). A plaintiff asserting a trade dress claim bears the burden of proving that the "matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3).  Here, Plaintiff has failed to plead any facts supporting its conclusory claim that the alleged trade dress is non-functional and distinctive, and has in fact pleaded a laundry list of functional design features.

### a. Specificity

To effectively assert a claim for trade dress infringement, a plaintiff must provide 'a precise expression of the character and scope of the claimed trade dress' that describes the trade dress that it seeks to protect." *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 595 (W.D. Pa. 2013).  Critically, a "trade dress infringement claim lacks the requisite specificity when it contains 'a laundry list of the elements that constitute [the type of product]'s design rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive.'" *AJB Enterprises, LLC v. Backjoy Orthotics, LLC*, 3:16-CV-00758 (VAB), 2016 WL 7341702, at *3 (D. Conn. Dec. 18, 2016) (internal quotations omitted).  Plaintiff recites a laundry list of alleged elements of its trade dress, comprised of functional design elements, but has not

provided any of the requisite detail to support a trade dress claim. *See Reed v. Chambersburg Area Sch. Dist. Found.*, No. 1:13-cv-00644, 2014 U.S. Dist. LEXIS 35275, at *34-35, n.9 (M.D. Pa. Mar. 17, 2014) (dismissing claim where complaint pleaded trade dress in a strikingly similar manner to Plaintiff in this case).

### b. Functionality

"A functional feature is one that is 'essential to the use or purpose of the article, affects the cost or quality of the article,' or one that, if kept from competitors, would put them at a 'significant non-reputation-related disadvantage.'" *Fair Wind*, 764 F.3d at 808. "By contrast, a feature is nonfunctional where it 'is unrelated to the consumer demand ... and serves merely to identify the source of the product' or business." *Id*. at 809. When something has a function "beyond serving the purpose of informing consumers that the [goods] are made by" the plaintiff, it is considered functional and cannot be protected. *See TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 33 (2001) *accord Fair Wind*, 764 F.3d at 809.

Here, Plaintiff acknowledges its product designs are functional. *See* ECF No. 8, ¶ 15 ("Guidecraft has devoted many thousands of hours to experimenting, testing, and perfecting Kitchen Helper children's stools that **function well**, are beautiful, are **safe** of use by children, and **store easily** when not in use.") (emphasis added). Indeed, Plaintiff's alleged product design features (*see* ECF No. 8, ¶ 27) have been held to constitute unprotectable functional features in other cases. *See, e.g.*, *ID7D Co., Ltd. v. Sears Holding Corp.*, 311CV1054 VLB, 2012 WL 1247329, at *7 (D. Conn. Apr. 13, 2012) (dismissing trade dress claim after finding that a grill's "plastic handle" and "four wire chrome legs with curved feet" were "undeniably functional").

Further, while Plaintiff enumerates a laundry list of functional design features that would be inherent to any step-stool, and the general "overall appearance," it fails to allege how or why

any of these features should be deemed non-functional with respect to its particular stools. *AJB Enterprises*, 2016 WL 7341702, at *4 (dismissing trade dress claim where the alleged features were inherently related to the functionality of the device); *ID7D Co.*, 2012 WL 1247329, at *10 (holding that a "laundry list of the elements that constitute a design" is insufficient to show distinctiveness for what was essentially the "basic design or general configuration of a generic portable grill."). Plaintiff points to "cut outs" used to hold the stools while folding, "curvatures" of handrails needed to climb, and "placement of finger slots" necessary to carry the stools, etc. These are all functional elements serving purposes other than identifying the source of the product. These functional elements are not protectable. *TrafFix*, 532 U.S. at 32; *Fair Wind*, 764 F.3d at 809.

### c. Secondary Meaning

In addition to pleading non-functionality, Plaintiff must also allege sufficient facts to establish that its product designs have acquired the requisite secondary meaning. Plaintiff's bald assertion that its stools have acquired secondary meaning "through years of [its] advertising and significant sales," (*see* ECF No. 8, ¶¶ 28) is insufficient to satisfy its pleading burden. *See Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 344 (E.D.N.Y. 2014) (citing cases which dismissed complaints for failure to sufficiently allege secondary meaning where the plaintiff merely alleged the expenditure of significant amounts on advertising and significant sales).

Because all of the purported design features enumerated by Plaintiff are not recited with sufficient specificity and recite functional designs inherent to any generic step-stool, they do not constitute protectable trade dress. In addition, because Plaintiff has failed to sufficiently allege its purported designs have acquired the requisite secondary meaning. Accordingly, Plaintiff is unable to state a claim for trade dress infringement.

## IX. Plaintiff's copyright infringement claim must be dismissed.

Plaintiff's count for copyright infringement must be dismissed because Plaintiff does not possess a registered copyright for any of the products identified in the complaint. By Plaintiff's own admission, it has only acquired an "Application for Registration No. 1-6843395721." ECF No. 8, ¶ 35. Although some courts allow copyright claims after application, courts within the Third Circuit dismiss infringement claims where full registration has not yet been obtained. *Greenberg v. Scholastic, Inc.*, CV 16-6353, 2018 WL 1532850, at \*2 (E.D. Pa. Mar. 28, 2018) (stating that "recent cases within the Third Circuit . . . have adopted the registration approach.") (citing *Dawes-Lloyd v. Publish America, LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011). *Browne v. Zaslow*, 103 F.Supp.3d 666, 671-72 (E.D. Pa. 2015) (dismissing copyright infringement claim based on plaintiff's lack of registration); *Gregory S. Markantone, DPM, PC. v. Podiatric Billing Specialists, LLC,* CIV.A. 14-00215, 2014 WL 2605361, at \*3 (W.D. Pa. June 9, 2014) (same).

## X.  Plaintiff's claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") must be dismissed as it lacks standing to assert them.

Plaintiff lacks standing to pursue a claim under the UTPCPL because it is not a "purchaser" or "lessee" as required by the statute. The UTPCPL provides a private right of action to "[a]ny person who *purchases* or *leases* goods or services . . . ." 73 Pa. Stat. § 201-9.2. (emphasis added). "The statute unambiguously permits only persons who have purchased or leased goods or services to sue . . . Had the Pennsylvania legislature wanted to create a cause of action for those not involved in a sale or lease, it would have done so." *Katz v. Aetna Cas. & Sur. Co.,* 972 F.2d 53, 55 (3d Cir. 1992); *Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3d Cir. 1994) (emphasis added) ("The CPL contemplates as the protected class *only* those who purchase goods or services . . . .").

Stated simply, to recover, a plaintiff must have made a purchase. *Valley Forge Towers S. Condo. Ass'n v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645 (1990). Plaintiff fails to allege

it purchased *anything* from Defendants.  Thus, Plaintiff lacks standing to make out a claim under the UTPCPL and this count must be dismissed with prejudice. See *Balderston v. Medtronic Sofamor Danek, Inc.*, 285 F.3d 238, 242 (3d Cir. 2002) (affirming dismissal of UTPCPL case as "Dr. Balderston is not a 'purchaser' under the CPL. Therefore, he has no standing to sue.").

## XI.   Plaintiff fails to state a claim for tortious interference with business relations.

In order to state a claim for interference with prospective business relations, Plaintiff must allege, *inter alia*: "(1) the existence of a . . . prospective contractual relationship between the plaintiff and another party; (2) an intent on the part of the defendant to harm the plaintiff by . . . preventing the relationship from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct." *BP Envtl. Services, Inc. v. Republic Services, Inc.*, 946 F. Supp. 2d 402, 407 (E.D. Pa. 2013) (emphasis added).  The Complaint fails to state a claim because it fails to plead the necessary elements for tortious interference.

As to the first element, to establish the existence of a prospective contractual relationship, a plaintiff must show that it is "reasonably probable that, but for the wrongful acts of the defendant, the plaintiff would have had a contractual relationship with a third party." *Id.* at 412.  A plaintiff may not rest its claim on unspecified future business or "on a mere hope that additional contracts or customers would have been forthcoming but for defendant's interference." *Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.,* 801 F. Supp. 1450, 1459 (E.D. Pa. 1992).  Plaintiff has failed to plausibly allege the existence of any prospective business relationships.  The Complaint does not identify any anticipated contractual relationships or any customers that would have done business with Plaintiff but for Defendants' alleged conduct.

The threadbare allegations in the Complaint merely imply that Plaintiff has lost some

unspecified "business relationships, prospective business relationships, and ability to conduct business" as result of Defendants' alleged conduct. ECF No. 8, ¶ 86. These allegations are insufficient to state a viable claim. *Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.*, CIV. 10-5303 DRD, 2011 WL 1080204, at *4 (D.N.J. Mar. 21, 2011) (holding that a generalized claim of "lost business of unknown, unsolicited, or hypothetical customers" is insufficient to state a tortious interference claim). Plaintiff has also entirely failed to plead intent to harm by "preventing [any specific] relationship from happening," and an absence of privilege or justification on the part of the defendant. For all of the foregoing reasons, Plaintiff's tortious interference claim must be dismissed.

## XII.    Plaintiff fails to state a claim for unjust enrichment.

To state a claim of unjust enrichment, a plaintiff must allege that: "(1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." *Glob. Ground Support, LLC v. Glazer Enterprises, Inc.*, 581 F. Supp. 2d 669, 675 (E.D. Pa. 2008) (citing *Com. ex. rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. 2005). Plaintiff's complaint fails to allege *any* of these three elements and should therefore be dismissed. ECF No. 8, ¶¶ 88-92. Namely, the complaint does not allege a "conferred…benefit", that the defendants "appreciated" said benefit, or that retention of said benefit would be inequitable without payment.

Plaintiff's unjust enrichment allegations also violate Rule 8 because they fail to provide Defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Frazier v. Southeastern Pa. Transp. Auth.*, 785 F.2d 65, 66 (3d Cir. 1986). Plaintiff merely claims Defendants "organized and initiated a competing business" and "misappropriated the brand

and appearance of [Plaintiff's] products to divert business from [Plaintiff]." *See* ECF No. 8, ¶¶ 100-101. From these allegations Defendants cannot understand what "benefit" Plaintiff claims it conferred on Defendants; much less a benefit that could support an unjust enrichment claim. *Century Indem. Co. v. URS Corp.,* No. 08-5006, 2009 WL 2446990, at *6 (E.D. Pa. Aug. 7, 2009) ("the benefit to the defendant must be more than remote to support an unjust enrichment claim."). For all of the foregoing reasons, Plaintiff's unjust enrichment claim must be dismissed.

## XIII. Plaintiff fails to state a claim under Pennsylvania's Trademark Dilution Law.

Claims under Pennsylvania's Trademark Dilution Law are identical to Lanham Act anti-dilution claims. *Strick Corp. v. Strickland,* 162 F.Supp.2d 372, 378 n.10 (E.D. Pa. 2001) ("As the federal and state dilution statutes contain virtually identical provisions, they are subject to the same analysis."). Plaintiffs must plead that it: "(1) owns a famous mark . . . (2) Defendants make commercial use of a mark . . . [in Pennsylvania]; (3) . . . after Plaintiff's mark became famous; and (4) Defendants' use causes actual dilution." *Colur World, LLC v. SmartHealth, Inc.*, No. 09-00505, 2010 WL 299512, at *7 (E.D. Pa. Jan. 25, 2010). Plaintiff has not alleged facts to establish each element. Rather, Plaintiff's complaint makes conclusory allegations that its trademark is famous in Pennsylvania without any factual support to establish the distinctiveness and fame of its mark in accordance with the factors set forth in 54 Pa.C.S.A. § 1124 (1)-(7). *See Colur World,* 2010 WL 299512, at *7 (noting that the plaintiff substantiated its claim with factual allegations regarding its advertisements in Pennsylvania, promotion at tradeshows, and sales revenue). Plaintiff similarly fails to provide any factual allegations demonstrating use of the mark in Pennsylvania, by either party, as required by the pleading standard. Plaintiff also does not allege that Defendants' use arose after Plaintiff's mark became famous. As a result, Plaintiff fails to plausibly allege Defendants caused any dilution of its mark in Pennsylvania. This claim should be dismissed.

**XIV.    Counts Ten, Eleven, and Twelve are remedies, not causes of action, and must be stricken.**

In Counts Ten, Eleven, and Twelve, Plaintiff asserts what purport to be independent causes of action for punitive damages, attorney's fees and costs, and an injunction. Because these counts set forth proposed remedies, as opposed to stand-alone causes of action, they should be dismissed or stricken from the Complaint. *Gray v. Great Valley Sch. Dist.,* 102 F. Supp. 3d 671, 680 (E.D. Pa. 2015) (dismissing count for punitive damages on the grounds that "a claim for punitive damages is not a separate cause of action."); *Cook v. Gen. Nutrition Corp.,* No. 17-135, 2017 WL 4340664, at *8 (W.D. Pa. Sept. 29, 2017), *aff'd,* 2018 WL 4440418 (3d Cir. Sept. 17, 2018) ("It is well settled that 'injunctive relief is not a separate type of claim, but rather a form of relief, and as such, should not be designated as a separate count in the Complaint.'"); *Carroll Co. v. Sherwin-Williams Co.,* 848 F. Supp. 2d 557, 570 (D. Md. 2012) (dismissing count for attorneys' fees and noting that attorneys' fees are a form of relief, not an independent cause of action).

<u>Conclusion</u>

This case should be dismissed for lack of personal jurisdiction, or alternatively transferred to the Central District of California. Should the case remain here, the complaint should be dismissed as a shotgun pleading violative of Rule 8. Finally, counts 1-9 should be dismissed for failure to state a claim, and counts 10, 11, and 12 should be stricken as improper.

November 30, 2018                          Respectfully submitted,

                                          /s/ *Jenna C. Hutchinson*
                                          Jenna C. Hutchinson
                                          PA ID No. 316553
                                          Troutman Sanders LLP
                                          875 Third Avenue
                                          New York, NY 10022
                                          (212) 704-6034
                                          jenna.hutchinson@troutmansanders.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GUIDECRAFT, INC.          )
                                       )

            Plaintiffs,      )

                                       )

               v.            )       Civil Action No. 2:18-cv-01097

                                       )

GOPLUS CORP., a California     )       Electronically Served
Corporation; COSTZON, INC., a   )
California Corporation;           )
COSTWAY.COM, INC.; and WEI WU,  )
an individual                    )
                Defendants.    )

## CERTIFICATE OF SERVICE

       I hereby certify that on November 30, 2018, the undersigned caused a true and correct copy of *"Brief in Support of Defendants' Joint Motion to Dismiss"* to be electronically served upon all counsel of record.

                            Respectfully submitted,

                            */s/ Jenna C. Hutchinson*
                            Jenna C. Hutchinson
                            PA ID No. 316553
                            Troutman Sanders LLP
                            875 Third Avenue
                            New York, NY 10022
                            (212) 704-6034
                            jenna.hutchinson@troutmansanders.com