**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUIDECRAFT, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-01097 |
| | ) | |
| GOPLUS CORP., a California | ) | Electronically Served |
| Corporation, COSTZON, INC., a | ) | |
| California Corporation; | ) | Judge Mark R. Hornak |
| COSTWAY.COM, INC.; and WEI WU, | ) | |
| an individual | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

I. THE COURT LACKS PERSONAL JURISDICTION OVER ALL DEFENDANTS .................................................................................................. 2

II. VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF PENNSYLVANIA ................................................................................................ 7

III. IF THE COURT DECLINES TO DISMISS OUTRIGHT, VENUE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA .......................... 7

IV. PLAINTIFF'S COMPLAINT IS AN IMPERMISSIBLE "SHOTGUN PLEADING" AND MUST BE DISMISSED ................................................................. 10

V. PLAINTIFF'S COUNTS ONE, TWO, AND FIVE FAIL TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION .................. 12

VI. PLAINTIFF'S TRADE DRESS INFRINGEMENT CLAIM SHOULD BE DISMISSED ................................................................................................ 13

    a. Specificity ....................................................................................... 14

    b. Functionality ................................................................................... 15

    c. Secondary Meaning ......................................................................... 16

VII. PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED ................................................................................................ 17

VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS ................................................................... 18

IX. PLAINTIFF FAILS TO STATE A CLAIM UNDER PENNSYLVANIA'S TRADEMARK DILUTION LAW ................................................................... 19

CONCLUSION ............................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. Canfield Co. v. Honickman,*
   808 F.2d 291 (3d Cir. 1986)...................................................................................13

*Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.,*
   CIV. 10-5303 DRD, 2011 WL 1080204 (D.N.J. Mar. 21, 2011) ...........................19

*Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.,*
   801 F. Supp. 1450 (E.D. Pa. 1992) .......................................................................19

*AJB Enterprises, LLC v. Backjoy Orthotics, LLC,*
   3:16-CV-00758, 2016 WL 7341702 (D. Conn. Dec. 18, 2016) .......................15, 16

*Allied Old English, Inc. v. Uwajimaya, Inc.,*
   No. CIV.A. 11-1239 ES, 2012 WL 3564172 (D.N.J. Aug. 16, 2012).....................9

*Am. Beverage Corp. v. Diageo N. Am., Inc.,*
   936 F. Supp. 2d 555 (W.D. Pa. 2013).....................................................................14

*Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.,*
   480 U.S. 102 (1987).................................................................................................6

*Bartol v. Barrowclough,*
   251 F. Supp. 3d 855 (E.D. Pa. 2017) ...............................................................10, 11

*Best Med. Int'l, Inc. v. Accuray, Inc.,*
   No. 2:10-cv-1043, 2011 U.S. Dist. LEXIS 23571 (W.D. Pa. Mar. 9, 2011) ..........11

*Bockman v. First Am. Mktg. Corp.,*
   459 F. App'x 157 (3d Cir. 2012) ..........................................................................7

*BP Envtl. Services, Inc. v. Republic Services, Inc.,*
   946 F. Supp. 2d 402 (E.D. Pa. 2013)......................................................................18

*Browne v. Zaslow,*
   103 F.Supp.3d 666 (E.D. Pa. 2015) ........................................................................18

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985)..................................................................................................5

*Capp, Inc. v. Dickson/Unigage, Inc.,*
   No, Civ.A. 03-5046, 2004 WL 339672 (E.D. Pa. Feb. 19, 2004) ...........................9

i

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
  11 F. Supp. 3d 317 (E.D.N.Y. 2014) ..................................................................17

*Carteret Sav. Bank, FA v. Shushan*,
  954 F.2d 141 (3d Cir. 1992) ..............................................................................4

*Chapman v. Dell, Inc.*,
  No. EP-09-CV-7-KC, 2009 WL 1024635 (W.D. Tex. 2009) ...............................9

*Colur World, LLC v. SmartHealth, Inc.*,
  No. 09-00505, 2010 WL 299512 (E.D. Pa. Jan. 25, 2010) ................................20

*Cottman Transmission Sys., Inc. v. Martino*,
  36 F.3d 291 (3d Cir. 1994) .................................................................................9

*D'Jamoos v. Pilatus Aircraft Ltd.*,
  566 F.3d 94 (3d Cir. 2009) .................................................................................2

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) .........................................................................................3

*Dawes-Lloyd v. Publish America, LLLP*,
  441 F. App'x 956 (3d Cir. 2011) ......................................................................18

*Doe v. Quinones*,
  CV 17-719, 2018 WL 1955133 (W.D. Pa. Apr. 5, 2018) .................................11

*Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.*,
  40 F.3d 1431 (3d Cir. 1994) .............................................................................14

*Executive Wings, Inc. v. Dolby*,
  131 F. Supp. 3d 404 (W.D. Pa. 2015) .................................................................7

*Fair Wind Sailing, Inc. v. Dempster*,
  764 F.3d 303 (3d Cir. 2014) ..............................................................14, 15, 16

*Ford Motor Co. v. Summit Motor Products, Inc.*,
  930 F.2d 277 (3d Cir. 1991) .............................................................................13

*Goldlawr, Inc. v. Heiman*,
  369 U.S. 463 (1962) ............................................................................................8

*Greenberg v. Scholastic, Inc.*,
  CV 16-6353, 2018 WL 1532850 (E.D. Pa. Mar. 28, 2018) ..............................17

*Gregory S. Markantone, DPM, PC. v. Podiatric Billing Specialists, LLC*,
  CIV.A. 14-00215, 2014 WL 2605361 (W.D. Pa. June 9, 2014) ........................18

*Guidecraft, Inc., v. OJCommerce, LLC, et al.*,
　　Case No. 2:18-cv-01247-JFC ............................................................................12

*Headon v. Colorado Boys Ranch*,
　　2005 WL 1126962 ..............................................................................................9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
　　466 U.S. 408 (1984) ...........................................................................................2

*Hershey Co. v. Pagosa Candy Co.*,
　　No. 1:07-CV-1363, 2008 U.S. Dist. LEXIS 29410 (M.D. Pa. Apr. 10, 2008) .........4

*High River Ltd. P'ship v. Mylan Labs., Inc.*,
　　353 F. Supp. 2d 487 (M.D. Pa. 2005) .................................................................9

*Hynson v. City of Chester Legal Dep't*,
　　864 F.2d 1026 (3d Cir. 1988) ...........................................................................10

*ID7D Co., Ltd. v. Sears Holding Corp.*,
　　311CV1054 VLB, 2012 WL 1247329 (D. Conn. Apr. 13, 2012) ..........................16

*Jumara v. State Farm Ins. Co.*,
　　55 F.3d 873 (3d Cir.1995) ...........................................................................8, 10

*Kellogg Co. v. Nat'l Biscuit Co.*,
　　305 U.S. 111 (1938) .........................................................................................13

*Kline v. Valentic*,
　　No. 06-642, 2006 WL 3762078 (W.D. Pa. Dec. 21, 2006) ................................11

*Litwak v. Tomko*,
　　No. 3:16-cv-00446, 2018 WL 1378633 (M.D. Pa. Mar. 19, 2018) ............10, 11, 12

*Logopaint A/S v. 3D Sport Signs SI*,
　　163 F. Supp. 3d 260 (E.D. Pa. 2016) ..............................................................9, 10

*Lomanno v. Black*,
　　285 F.Supp.2d 637 (E.D.Pa.2003) ....................................................................9

*Marten v. Godwin*,
　　499 F.3d 290 (3d Cir. 2007) .............................................................................2, 3

*Menkowitz v. Pottstown Mem. Med. Ctr.*,
　　No. 97-2669, 1999 U.S. Dist. LEXIS 9180 (E.D. Pa. June 21, 1999) ..................11

*Nat'l Precast Crypt Co. v. Dy-Core of Pa., Inc.*,
　　785 F. Supp. 1186 (W.D. Pa. 1992) ...................................................................5

*Nor-Am Chem. Co. v. O.M. Scott & Sons Co.*,
    No. 86-3810, 1987 U.S. Dist. LEXIS 6336 (E.D. Pa. July 15, 1987)......................................12

*Novartis Consumer Health, Inc. v. McNeil-PPC, Inc.*,
    CIV. 99-280 (WHW), 1999 WL 707721 (D.N.J. Sept. 13, 1999)...........................................13

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007)........................................................................................5, 6, 10

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*,
    469 U.S. 189 (1985)..........................................................................................................13

*R.J. Ants, Inc. v. Marinelli Enters.*,
    LLC, 771 F. Supp. 2d 475 (E.D. Pa. 2011).........................................................................12

*Reed v. Chambersburg Area Sch. Dist. Found.*,
    No. 1:13-cv-00644, 2014 U.S. Dist. LEXIS 35275 (M.D. Pa. Mar. 17, 2014) .....................15

*Rudolph v. Safari Club Int'l*,
    No. 12cv1710, 2013 U.S. Dist. LEXIS 38790 (W.D. Pa. Mar. 20, 2013)................................3

*Shire US Inc. v. Barr Labs., Inc.*,
    329 F.3d 348 (3d Cir. 2003)...............................................................................................14

*Strick Corp. v. Strickland*,
    162 F.Supp.2d 372 (E.D. Pa. 2001) ....................................................................................19

*Tegg Corp. v. Beckstrom Elec. Co.*,
    No. 08-435, 2008 U.S. Dist. LEXIS 52184 (W.D. Pa. July 1, 2008) ....................................17

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984)...................................................................................................2

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
    532 U.S. 23 (2001) .............................................................................................................16

*United States v. Ohio Art Co.*,
    Civil Action No. 10-230, 2010 WL 3155160 (W.D. Pa. July 30, 2010) ..................................1

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).............................................................................................................8

*Watkins v. ITM Records*,
    No. 14-cv-01049 RAL, 2015 WL 4505954 (E.D. Pa. July 24, 2015) .....................................4

*Weber v. Basic Comfort Inc.*,
    155 F.Supp.2d 283 (E.D. Pa.2001) .................................................................................7, 8

*World Wrestling Fedn. Entm't, Inc. v. Big Dog Holdings, Inc.*,
    280 F. Supp. 2d 413 (W.D. Pa. 2003) .......................................................12

**Statutes**

54 Pa.C.S.A. § 1124 (1)-(7) ..............................................................................20

15 U.S.C. § 1114 .............................................................................................12

15 U.S.C. § 1125 (a)(1)(A) ..............................................................................12

15 U.S.C. § 1125(a)(3) .....................................................................................14

28 U.S.C. § 1391 ...............................................................................................7

28 U.S.C. § 1404(a) ...........................................................................................7

**Other Authorities**

4 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL
    PRACTICE AND PROCEDURE, § 1067.5. (3d ed. 2002) ...........................2

Fed. R. Civ. P. 15(a)(1) .....................................................................................1

Fed. R. Civ. P. 8 .................................................................................... *passim*

Fed. R. Civ. P. 12(b)(2) .....................................................................................2

Fed. R. Civ. P. 12(b)(6) .....................................................................................2

In its *third* attempt to properly plead this action,[1] Plaintiff Guidecraft, Inc. ("Plaintiff") submitted its Second Amended Complaint (ECF No. 30) rather than responding to a Motion to Dismiss (ECF No. 26) filed by Defendants GoPlus Corp., Costzon, Inc., Cotsway.com, Inc., and Wei Wu (collectively, "Defendants"). Plaintiff's Second Amended Complaint is largely identical to its First Amended Complaint and has therefore failed to address most of the flaws outlined in Defendants' Motion to Dismiss.[2]

As explained in Defendants' first Motion to Dismiss, this case involves a trademark dispute between wholly foreign parties. Plaintiff is a New York corporation with its principal place of business in Minnesota and brought this action against three California Defendants with principal places of business in California and one individual Chinese resident. None of the parties are citizens of Pennsylvania, and Plaintiff fails to allege in the Second Amended Complaint any conscious targeting of Pennsylvania by Defendants constituting purposeful availment necessary to establish personal jurisdiction. Indeed, the only clear connection to this District is the location of Plaintiff's counsel.[3]

Should the Court decline to reach the jurisdictional issue, this case should be transferred to the Central District of California—the proper venue for this dispute that involves parties with no connection to this District and where continued proceedings here would inconvenience both

---

[1] Plaintiff has already amended its complaint twice – once as a matter of right, in accordance with Fed. R. Civ. P. 15(a)(1), and once by motion.

[2] Defendants were prepared to submit an opposition to Plaintiff's motion seeking leave to file the Second Amended Complaint. However, the Court granted Plaintiff's motion prior to the deadline for Defendants' response. Should Plaintiff again seek to amend rather than respond to the instant motion, Defendants respectfully request that the Court allow them to oppose the requisite motion for leave to amend.

[3] *United States v. Ohio Art Co.*, Civil Action No. 10-230, 2010 WL 3155160, at *2 (W.D. Pa. July 30, 2010) (noting that "the location or convenience of litigation counsel" should not be considered in determining the appropriateness of a given forum).

1

parties, all relevant witnesses, and the cost of trial would be unfairly increased as to everyone other than Plaintiff's counsel.

On the merits, the Second Amended Complaint must also be dismissed because, as with the First Amended Complaint, it is a stereotypical impermissible "shotgun pleading" that violates Rule 8. Further, the Second Amended Complaint fails to allege the necessary elements of counts 1-6 and 8 and therefore fails to state a claim under Rule 12(b)(6). This case should be dismissed or transferred in the alternative.

## I.  The Court lacks personal jurisdiction over all Defendants.

Plaintiff's Second Amended Complaint is devoid of specific, non-vague, non-conclusory allegations regarding personal jurisdiction. Once a defendant challenges personal jurisdiction, as Defendants did in their first Motion to Dismiss and the instant motion, the plaintiff bears the burden of proving that jurisdiction exists. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). To do so, Plaintiff must present a *prima facie* case for the exercise of personal jurisdiction through "specific facts" rather than vague or conclusory assertions. *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Bare legal conclusions and unsupported allegations are insufficient. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n9 (3d Cir. 1984) ("once the defense has been raised . . . at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion . . .").

The Supreme Court has identified two types of personal jurisdiction—specific personal jurisdiction and general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). The due process requirements for general personal jurisdiction are even more rigorous than for specific personal jurisdiction, because general jurisdiction requires proof of continuous and systematic contacts between the defendant and the forum state. *Helicopteros*, 466 U.S. at 415-16; *see also*, 4 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURE, § 1067.5. (3d ed. 2002). General jurisdiction does not exist as to Wei Wu individually at least because Plaintiff has pleaded that he is a citizen of the state of California and Plaintiff has pleaded no facts regarding continuous and systematic contacts between Wei Wu and the state of Pennsylvania.[4] *See* ECF No. 30, ¶¶ 5, 12. General jurisdiction does not exist as to the three corporate Defendants, GoPlus, Costzon, and Costway.com, because none of these corporate defendants maintains its principal place of business here, is incorporated here, or is so connected to this district as to "render [it] essentially at home" here. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

To establish *specific* jurisdiction, Plaintiff must prove that: (1) Defendants have purposefully directed their activities at the forum, (2) that Plaintiff's claim arises out of or relates to Defendants' specific activities in the forum, and (3) that the court's exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. *See Marten,* 499 F.3d at 296. Plaintiff's Second Amended Complaint attempts to remedy the fact that Plaintiff's First Amended Complaint rested jurisdiction solely on insufficient, boilerplate claims that "on information and belief," each defendant "conducts business within the Commonwealth of Pennsylvania." However, Plaintiff's Second Amended Complaint is itself insufficient, as Plaintiff's jurisdictional claim now rests solely on allegations that Defendants make product available for sale on the internet generally and are therefore "attempt[ing]" sales in Pennsylvania. *See* ECF No. 30, ¶¶ 3, 4, 29, 30, 33, 34, 37, 38, 39, 41, 51-53.

Allegations that Defendants advertise products for sale online do not satisfy the burden to

---

[4] *See Rudolph v. Safari Club Int'l*, No. 12cv1710, 2013 U.S. Dist. LEXIS 38790, *12 (W.D. Pa. Mar. 20, 2013) ("This latter test for 'general' jurisdiction is more difficult to meet in that the Individual Defendants' activities in Pennsylvania (the forum state) must be extensive and persuasive.")

37577956v1

establish jurisdiction is proper. *Hershey Co. v. Pagosa Candy Co.*, No. 1:07-CV-1363, 2008 U.S. Dist. LEXIS 29410, at *20-21 (M.D. Pa. Apr. 10, 2008) (finding that "while a web site may be viewed in a particular forum, that fact alone does not establish personal jurisdiction in that forum" and that "[s]omething more must be shown" to prove purposeful availment). Plaintiff must establish that Defendants "repeatedly and consciously chose to process" Pennsylvania customers' orders. *Id*. Without facts to show how Defendants specifically target Pennsylvania through the cited websites, Plaintiff's generalized and vague jurisdictional pleading is insufficient.

This failure to allege jurisdiction is compounded by Plaintiff's insufficient pleadings. It is axiomatic that Courts must have personal jurisdiction over each Defendant independently. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 145 n.6 (3d Cir. 1992). Here, Plaintiff has frustrated that goal by failing to differentiate between the specific contacts each of the four Defendants are alleged to have made with Pennsylvania.[5] *See Watkins v. ITM Records*, No. 14-cv-01049 RAL, 2015 WL 4505954, at *3 n.2 (E.D. Pa. July 24, 2015) (dismissing claim where plaintiff referred to "defendants" together because "lumping all defendants together with only general allegations is insufficient."). Defendants' first Motion to Dismiss raised this issue and, in response, Plaintiff's Second Amended Complaint merely creates separate but nearly identical vague and conclusory jurisdiction-related paragraphs for each defendant. ECF No. 30, ¶¶ 2-4, 9-12, 29-34, 37-39, 41, 51-53, 58-60.

Plaintiff's Second Amended Complaint, in effect, remains an improper group pleading with undifferentiated allegations against all Defendants fails to meaningfully distinguish between GoPlus Corp., Costzon, Inc., Costway.com, and Wei Wu. Particularly with respect to Defendant

---

[5] The corporate Defendants are separate and distinct entities that strictly adhere to all corporate formalities. Plaintiff sets forth no allegations in relation to alter-ego liability or piercing of the corporate veil that would justify its indivisible treatment of Defendants.

37577956v1

Wei Wu, there are *no allegations* in the Second Amended Complaint regarding his specific conduct

with respect to the asserted claims beyond his mere ownership of other Defendant entities.  This

is insufficient to support jurisdiction over Wei Wu as an individual.  *See, e.g.*, *Nat'l Precast Crypt

Co. v. Dy-Core of Pa., Inc.*, 785 F. Supp. 1186, 1193 (W.D. Pa. 1992) (finding plaintiff "failed to

demonstrate that [an individually named defendant] had any contacts with the Commonwealth of

Pennsylvania other than those he experienced as the president of [the company]" and that those

contacts, absent unwarranted piercing of the corporate veil, "do not afford a basis for asserting

jurisdiction").  Accordingly, Plaintiff has failed to satisfy its burden of establishing the requisite

minimum contacts and the Complaint must be dismissed.

Even had Plaintiff properly alleged "minimum contacts" with Pennsylvania, requiring

Defendants to defend this action here would "offend traditional notions of "fair play and

substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985) ("minimum

requirements inherent in the concept of 'fair play and substantial justice' may defeat the

reasonableness of jurisdiction even if the defendant has purposefully engaged in forum

activities.").  To determine whether "fair play and substantial justice" would be offended by

exercising jurisdiction, a court must:

> evaluate "the burden on the defendant," "the forum State's interest in adjudicating the
> dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the
> interstate judicial system's interest in obtaining the most efficient resolution of
> controversies," and the "shared interest of the several States in furthering fundamental
> substantive social policies."

*Id*. at 477.  "[T]he burden on the defendant is a "primary concern" in any case." *O'Connor v. Sandy

Lane Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007).[6]

---

[6] In *O'Connor*, the Third Circuit recognized that Defendant having to travel "2,000 miles to
litigate in Pennsylvania," the fact that "most of the witnesses," and "evidence," would be located
outside of Pennsylvania, and the fact that a foreign forum had a "considerable 'substantive interest'
in determining the rights and liabilities of its own domestic corporations" were a "substantial"

5

If this case were to proceed in Pennsylvania, Defendants would be required to travel at least 2,400 miles to the Western District of Pennsylvania from California, or even farther, from China. All the witnesses and evidence related to Defendants' conduct, design, and intent are located either in California or in China. Even Plaintiff's witnesses and evidence are located 1,000 miles away in Minnesota. Furthermore, either California or Minnesota have the "considerable substantive interest in determining the rights and liabilities of its own domestic corporations." *Id.* at 325. Pennsylvania, however, has essentially no interest in this case because in stark contrast to *O'Connor*, here, Plaintiff is not a Pennsylvania resident. *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 114 (1987). ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished.").

Turning to the Supreme Court's factors above, the burden on Defendants is substantial, the forum state's interest in adjudicating a dispute between two foreign parties is minimal to non-existent, the Plaintiff's interest in obtaining efficient resolution of controversies is not served by litigating a case where neither it, nor Defendants are located, and the shared interest of the several states is best served by allowing California courts to adjudicate this dispute against California based companies. In every case Defendants' counsel reviewed that upheld a finding of "fair play and substantial justice," the plaintiff was a resident of the forum state. Here, Plaintiff is a non-resident and did not allege any particular harm in Pennsylvania.

Plaintiff has failed to allege Defendants' minimum contacts with Pennsylvania and, even if minimum contacts are assumed over each Defendant, Plaintiff has failed to allege why the exercise of jurisdiction by this Court over foreign parties would comport with fundamental notions

---

burden on Defendant. *Id.* at 324-25. Nonetheless, the *O'Connor* court upheld personal jurisdiction because the Plaintiff was a Pennsylvania resident and the foreign defendant's interests "do not entirely dwarf the interests of the [plaintiffs] and the forum state." *Id.*

of fair play and substantial justice.  This Court should decline to exercise jurisdiction.

## II.    Venue is not proper in the Western District of Pennsylvania.

Regardless of jurisdiction, venue is improper in the Western District of Pennsylvania. Venue is proper in the judicial district where any defendant resides (if all defendants are residents of that state), in the judicial district where a substantial part of the events giving rise to the claim occurred, or if there is no other proper district in any district where a defendant is subject to personal jurisdiction.  28 U.S.C. § 1391.  "[T]he venue provision favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial, and that substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Executive Wings, Inc. v. Dolby*, 131 F. Supp. 3d 404, 414 (W.D. Pa. 2015) (quoting *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012)).

Here, no defendant resides in Pennsylvania, and California is a proper district in which to bring this suit.  There is also no allegation that a substantial part of the events giving rise to the suit took place in Pennsylvania, nor an allegation that the unauthorized passing off took place in Pennsylvania.  To the contrary, Plaintiff alleges that "Defendants have unlawfully used" Plaintiff's trademark, trade dress, and copyright, "*in the United States*" generally.  Accordingly, this action should be dismissed, or alternatively, transferred as discussed below.

## III.   If the Court declines to dismiss outright, venue should be transferred to the Central District of California.

A district court "may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought." *Weber v. Basic Comfort Inc.*, 155 F.Supp.2d 283, 284 (E.D. Pa.2001) (citing 28 U.S.C. § 1404(a)). The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect

litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "In ruling on a motion to transfer, the Court should consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Weber*, 155 F.Supp.2d at 284 (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). Transfer is permitted "whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Venue and personal jurisdiction are proper in the Central District of California, where all Defendants reside,[7] and transfer would also be in the interests of justice. The Third Circuit considers public and private interests when deciding whether to transfer. *Jumara*, 55 F.3d at 879. The private interests are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) & (6) the convenience of the witnesses and evidence to the extent they would be unavailable in a particular forum. *Id.* The public interests are: (1) the enforceability of the judgment; (2) the congestion of the court's docket; (3) the trial judge's familiarity with any applicable state law; (4) the local forum's interest in deciding the case; and (5) practical considerations that would make trial easy, expeditious, or inexpensive. *Id.* All of these factors must be assessed to "determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.*

Starting with the private factors, while great deference is usually given to a Plaintiff's chosen forum, that is not the case when the Plaintiff is foreign or when the case has little connection

---

[7] For the purposes of this motion only, Defendants accept as true Plaintiff's allegation that Wei Wu is a resident of California, although he is located in China.

with the chosen forum. *Logopaint A/S v. 3D Sport Signs SI*, 163 F. Supp. 3d 260, 266 (E.D. Pa. 2016) (citation omitted); *Allied Old English, Inc. v. Uwajimaya, Inc.*, No. CIV.A. 11-1239 ES, 2012 WL 3564172, at *3 (D.N.J. Aug. 16, 2012).[8] Here, Plaintiff is foreign and no allegations in the complaint tie the case with specificity to Pennsylvania. Second, Defendants' preference is the Central District of California. Because Plaintiff is foreign and the allegations do not demonstrate that operative facts took place in this forum, Defendant's choice is entitled to *more* weight than Plaintiff. *Lomanno v. Black*, 285 F.Supp.2d 637, 644-645 (E.D.Pa.2003) (giving defendant's choice of venue preference more weight than plaintiff when most, if not all, of operative facts occurred outside of forum); *accord Headon v. Colorado Boys Ranch*, No. 204CV04847LDD, 2005 WL 1126962, at *4 (E.D. Pa. May 5, 2005).

Third, Plaintiff's claims, to the extent they exist, arise "where the unauthorized passing off takes place." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). As Plaintiff makes no allegations that the unauthorized passing off in fact took place in Pennsylvania (as opposed to simply making product available generally on the internet) the only place it could have substantially taken place according to the Complaint as-pleaded is at Defendants' principal places of business in California or China. *Capp, Inc. v. Dickson/Unigage, Inc.*, No, Civ.A. 03-5046, 2004 WL 339672, at *3 n2 (E.D. Pa. Feb. 19, 2004) (holding that venue for a Lanham act claim could arise "where the deceptive label is affixed."). Fourth, when deciding the parties'

---

[8] *High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 499 (M.D. Pa. 2005) ("In this case, all relevant considerations point in favor of transfer out of the Middle District of Pennsylvania. None of the parties or witnesses are located here. None of the events giving rise to the litigation occurred here. None of the relevant documents are located here."); *Headon v. Colorado Boys Ranch*, 2005 WL 1126962 at *4 (Plaintiff's choice of venue is entitled to less deference if few operative facts took place there.); *Chapman v. Dell, Inc.*, No. EP-09-CV-7-KC, 2009 WL 1024635, *4 (W.D. Tex. 2009) ("[W]hen plaintiff has not brought suit on its home turf . . . the quantum of inconvenience to defendant needed to tip the balance in favor of transfer is concomitantly reduced.").

convenience, "[a]ppropriate factors to consider include 'the parties' physical location' and 'the associated logistical and operational costs to the parties' employees in traveling to Pennsylvania . . .'" *Logopaint*, 163 F. Supp. 3d at 267. Here, each Defendant will be required to travel over 1000 miles to Pennsylvania, whereas proceedings in the Central District of California would obviate this travel for all defendants. Thus, "[r]equiring [all parties] to travel to this District would result in the expenditure of additional logistical and operational costs that are otherwise unnecessary. This factor weighs in favor of transfer." *Id*. The final two private factors regarding the availability of witnesses and evidence also favor California, again, because Defendants' principal places of business are in California. Thus, the private factors clearly weigh in favor of transfer.

As to the public factors, the first three are neutral given that there will be no enforcement problems, the dockets have similar caseloads, and both Pennsylvania and California judges are familiar with federal trademark law. Nevertheless, as between California and Pennsylvania, California has a stronger interest in deciding this case because all Defendants are in California. *See O'Connor*, 496 F.3d at 325 (recognizing state's "considerable substantive interest in determining the rights and liabilities of its own domestic corporations"). In short, the Central District of California is where "the litigation would more conveniently proceed and the interests of justice be better served." *Jumara*, 55 F.3d at 879. This case should accordingly be transferred to the Central District of California.

**IV. Plaintiff's complaint is an impermissible "shotgun pleading" and must be dismissed.**

"[S]hotgun pleadings . . . have been regularly criticized by the Third Circuit and fail to meet the pleading requirements of Rule 8." *Litwak v. Tomko*, No. 3:16-cv-00446, 2018 WL 1378633, at *5 (M.D. Pa. Mar. 19, 2018); *see also Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa.

2017); *Kline v. Valentic*, No. 06-642, 2006 WL 3762078, at *3 (W.D. Pa. Dec. 21, 2006). While

shotgun pleadings generally come in "four different types," two are relevant here. *Litwak*, 2018

WL 1378633, at *5 n4; *Bartol*, 251 F. Supp. 3d at 859. Specifically:

> "(1) a complaint containing multiple counts where each count adopts the allegations of
> all preceding counts . . . and (4) a complaint that 'asserts multiple claims against multiple
> defendants without specifying which of the defendants are responsible for which acts or
> omissions, or which of the defendants the claim is brought against.'"

*Id.* (citation omitted).

Plaintiff's Second Amended Complaint, like its First Amended Complaint, is a classic

shotgun pleading because it violates Rule 8 through *both* of the above-mentioned categories. First,

every one of Plaintiff's counts begins with the statement that "[t]he allegations contained in the

foregoing paragraphs are re-alleged and incorporated as if fully set forth herein." ECF No. 30, ¶¶

68, 74, 82, 90, 98, 103, 110, 118; *Litwak*, 2018 WL 1378633, at *5. Plaintiff's complaint must be

dismissed on this basis alone. Second, each count of the Second Amended Complaint continues

to impermissibly lump each individual Defendant together under the misnomer of "Defendants"

and fails to identify what specific act each Defendant is alleged to have committed. *Bartol*, 251 F.

Supp. 3d at 859–60 (dismissing as a shotgun pleading, because the complaint made no distinction

among defendants but was "replete with allegations that 'the defendants' engaged in certain

conduct."); *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2011 U.S. Dist. LEXIS 23571,

*16 (W.D. Pa. Mar. 9, 2011).[9]

---

[9] *Doe v. Quinones*, CV 17-719, 2018 WL 1955133, at *9 (W.D. Pa. Apr. 5, 2018), report and
recommendation adopted, 2:17CV719, 2018 WL 1951094 (W.D. Pa. Apr. 25, 2018) (dismissing
for failure to identify which defendant did what, and which defendant was being sued for what);
*Menkowitz v. Pottstown Mem. Med. Ctr.*, No. 97-2669, 1999 U.S. Dist. LEXIS 9180, *12 (E.D.
Pa. June 21, 1999) ("[T]he individual defendants cannot fairly be maintained as defendants to
this lawsuit merely by association with PMMC or by general allegations concerning 'individual
defendants' as a group. The allegations do not set forth facts sufficient to give the individual
defendants notice as to the misconduct with which each is charged or to provide this Court with a

37577956v1

Perhaps most indicative of how improperly generalized Plaintiff's allegations in this case are is the fact that Plaintiff has used an essentially identical complaint against an unrelated third party in another case currently pending in this district. *See Guidecraft, Inc.*, *v. OJCommerce, LLC, et al.*, Case No. 2:18-cv-01247-JFC. Plaintiff simply cannot recite with specificity the acts attributable to any one defendant, including the defendants in its other case. Plaintiff's complaint is a stereotypical "shotgun pleading;" as such it "does not comply with the mandates of Rule 8," and it must be dismissed in its entirety. *Litwak*, 2018 WL 1378633, at *6.

## V. Plaintiff's Counts One, Two, and Five fail to state a claim for trademark infringement and unfair competition.

Plaintiff's First, Second, and Fifth counts are grounded in federal and state law governing trademark infringement and unfair competition. Each of these counts will be decided under the same legal standard, and therefore, they rise and fall together. *See, e.g.*, *World Wrestling Fedn. Entm't, Inc. v. Big Dog Holdings, Inc.*, 280 F. Supp. 2d 413, 445 (W.D. Pa. 2003) ("Federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125 (a)(1)(A), are measured by identical standards."); *Nor-Am Chem. Co. v. O.M. Scott & Sons Co.*, No. 86-3810, 1987 U.S. Dist. LEXIS 6336, *4 (E.D. Pa. July 15, 1987) (noting that elements of claims under the Lanham Act, Pennsylvania common law, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law "are sufficiently similar that the same legal standards apply."); *R.J. Ants, Inc. v. Marinelli Enters.*, LLC, 771 F. Supp. 2d 475, 489 (E.D. Pa. 2011) ("A Pennsylvania common law cause for unfair competition is identical to the Lanham Act, without the federal requirement of interstate commerce.").

To state a claim for trademark infringement or unfair competition, Plaintiff must first show:

---

basis upon which to determine the viability of the claims against each of them.").

"(1) the marks are valid and legally protectable." *Ford Motor Co. v. Summit Motor Products, Inc*., 930 F.2d 277, 291 (3d Cir. 1991). Marks are classified as arbitrary, suggestive, descriptive, or generic. *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 298 (3d Cir. 1986). When a term is arbitrary or suggestive, it automatically qualifies for protection, and when a term is found as generic it is never protectable. *Honickman,* 808 F.2d at 297. "A generic term is one that refers to the genus of which the particular product is a species" *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc*., 469 U.S. 189, 194 (1985). As a matter of law, a generic mark "is never protectable because even complete 'success . . . in securing public identification . . . cannot deprive competing manufacturers of the product of the right to call an article by its name." *Honickman*, 808 F.2d at 297.

Based solely on the allegations in the Complaint and exhibits attached thereto, this Court can readily determine that the term "Kitchen Helper" is generic, and not entitled to trademark protection as a matter of law. Indeed, courts have repeatedly found terms referring to general product descriptions to be generic and unprotectable. *See Novartis Consumer Health, Inc. v. McNeil-PPC, Inc*., CIV. 99-280 (WHW), 1999 WL 707721, at *1 (D.N.J. Sept. 13, 1999) (finding the term "Softchews" generic and unprotectable as it merely described a soft and chewable tablet); *Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111 (1938) (finding the term "Shredded Wheat" to be generic and not protectable); *Honickman*, 808 F.2d at 292-93 (holding that the mark "chocolate fudge soda" was generic because the term "chocolate fudge" was an unprotectable "common descriptive explanation" of the good in question). Like the terms "chocolate fudge," "Shredded Wheat," and "Softchews," the phrase "kitchen helper" is a generic term that, on its face, is the name for a product that helps a person work in a kitchen. Accordingly, because the generic phrase "kitchen helper" is not protectable, Plaintiff's trademark infringement claim must be dismissed.

**VI. Plaintiff's trade dress infringement claim should be dismissed.**

The term "[t]rade dress refers to the design or packaging of a product which serves to identify the product's source." *Shire US Inc. v. Barr Labs., Inc.*, 329 F.3d 348, 353 (3d Cir. 2003). "Trade dress protection does not shield businesses from plagiarism." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014). "Indeed, trade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products." *Id*. "Thus, the law does not afford every combination of visual elements exclusive legal rights. Instead, trade dress protection extends only to incidental, arbitrary or ornamental product features which identify the product's source." *Id*. at 309; *Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.,* 40 F.3d 1431, 1449 (3d Cir. 1994) ("the design must be "memorable—that is, striking or unusual in appearance . . . so that it is likely to be actually and distinctly remembered.").

"To establish infringement of its unregistered trade dress a plaintiff must prove that (1) the allegedly infringing feature is non-functional, (2) the feature is inherently distinctive or has acquired secondary meaning, and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *Shire US Inc. v. Barr Labs., Inc.*, 329 F.3d 348, 353 (3d Cir. 2003). A plaintiff asserting a trade dress claim bears the burden of proving that the "matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3). Here, Plaintiff has failed to plead any facts supporting its conclusory claim that the alleged trade dress is non-functional and distinctive, and has in fact pleaded a laundry list of design features.

### a. Specificity

To effectively assert a claim for trade dress infringement, a plaintiff must provide 'a precise expression of the character and scope of the claimed trade dress' that describes the trade dress that it seeks to protect." *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 595 (W.D. Pa. 2013). Critically, a "trade dress infringement claim lacks the requisite specificity when it

contains 'a laundry list of the elements that constitute [the type of product]'s design rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive.'" *AJB Enterprises, LLC v. Backjoy Orthotics, LLC*, 3:16-CV-00758 (VAB), 2016 WL 7341702, at *3 (D. Conn. Dec. 18, 2016) (internal quotations omitted). Plaintiff recites a laundry list of alleged elements of its trade dress, comprised of functional design elements, but has not provided any of the requisite detail to support a trade dress claim. *See Reed v. Chambersburg Area Sch. Dist. Found.*, No. 1:13-cv-00644, 2014 U.S. Dist. LEXIS 35275, at *34-35, n.9 (M.D. Pa. Mar. 17, 2014) (dismissing claim where complaint pleaded trade dress in a strikingly similar manner to Plaintiff in this case). Without detail regarding how Plaintiff's design elements are distinctive, the trade dress claim must be dismissed.

Most tellingly, Plaintiff's Second Amended Complaint states that it's trade dress "is not limited to" the pleaded trade dress components. Therefore, Plaintiff concedes outright that its pleading is insufficiently specific. ECF No. 30, ¶ 24. Plaintiff simply cannot properly state a claim for trade dress infringement based on unpleaded mystery elements of its alleged trade dress. As pleaded, Plaintiff has failed to put Defendants on notice of what Plaintiff alleges to comprise its trade dress, and the claim must be dismissed.

### b. Functionality

"A functional feature is one that is 'essential to the use or purpose of the article, affects the cost or quality of the article,' or one that, if kept from competitors, would put them at a 'significant non-reputation-related disadvantage.'" *Fair Wind*, 764 F.3d at 808. "By contrast, a feature is nonfunctional where it 'is unrelated to the consumer demand ... and serves merely to identify the source of the product' or business." *Id*. at 809. When something has a function "beyond serving the purpose of informing consumers that the [goods] are made by" the plaintiff, it is considered

functional and cannot be protected. *See TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 33 (2001) *accord Fair Wind*, 764 F.3d at 809.

Here, Plaintiff acknowledges its product designs are functional. *See* ECF No. 30, ¶ 21 ("Guidecraft has devoted many thousands of hours to experimenting, testing, and perfecting Kitchen Helper children's stools that **function well**, are beautiful, are **safe** of use by children, and **store easily** when not in use.") (emphasis added). Indeed, Plaintiff's alleged product design features (*see* ECF No. 30, ¶ 24) have been held to constitute unprotectable functional features in other cases. *See, e.g.*, *ID7D Co., Ltd. v. Sears Holding Corp.*, 311CV1054 VLB, 2012 WL 1247329, at *7 (D. Conn. Apr. 13, 2012) (dismissing trade dress claim after finding that a grill's "plastic handle" and "four wire chrome legs with curved feet" were "undeniably functional").

Further, while Plaintiff enumerates a laundry list of functional design features that would be inherent to any step-stool, and the general "overall appearance," (ECF No. 30, ¶ 24) it fails to allege how or why any of these features should be deemed non-functional with respect to its particular stools. *AJB Enterprises,* 2016 WL 7341702, at *4 (dismissing trade dress claim where the alleged features were inherently related to the functionality of the device); *ID7D Co.,* 2012 WL 1247329, at *10 (holding that a "laundry list of the elements that constitute a design" is insufficient to show distinctiveness for what was essentially the "basic design or general configuration of a generic portable grill."). Plaintiff points to "cut outs" used to hold the stools while folding, "curvatures" of handrails needed to climb, and "placement of finger slots" necessary to carry the stools, etc. These are all functional elements serving purposes other than identifying the source of the product. These functional elements are not protectable. *TrafFix*, 532 U.S. at 32; *Fair Wind*, 764 F.3d at 809.

### c. Secondary Meaning

37577956v1

In addition to pleading non-functionality, Plaintiff must also allege sufficient facts to establish that its product designs have acquired the requisite secondary meaning. Plaintiff's bald assertion that its stools have acquired secondary meaning "through years of [its] advertising and significant sales," (*see* ECF No. 30, ¶ 25) is insufficient to satisfy its pleading burden. *See Carson Optical, Inc. v. Prym Consumer USA, Inc.,* 11 F. Supp. 3d 317, 344 (E.D.N.Y. 2014) (citing cases which dismissed complaints for failure to sufficiently allege secondary meaning where the plaintiff merely alleged the expenditure of significant amounts on advertising and significant sales).

Because all of the purported design features enumerated by Plaintiff are not recited with sufficient specificity and recite functional designs inherent to any generic step-stool, they do not constitute protectable trade dress. In addition, because Plaintiff has failed to sufficiently allege its purported designs have acquired the requisite secondary meaning. Accordingly, Plaintiff is unable to state a claim for trade dress infringement.

## VII. Plaintiff's copyright infringement claim must be dismissed.

Plaintiff's count for copyright infringement in the Second Amended Complaint is identical to its First Amended Complaint and must be dismissed for the same reasons set forth in Defendants' first Motion to Dismiss – Plaintiff does not possess the required copyright registration for any of the alleged intellectual property identified in the Complaint. By Plaintiff's own admission, it has only acquired an "Application for Registration No. 1-6843395721." ECF No. 30, ¶ 62. Although some courts allow copyright claims after application, courts within the Third Circuit dismiss infringement claims where full registration has not yet been obtained. *See Tegg Corp. v. Beckstrom Elec. Co.*, No. 08-435, 2008 U.S. Dist. LEXIS 52184 (W.D. Pa. July 1, 2008) (granting defendant's motions to dismiss plaintiff's copyright infringement claims where plaintiff did not include its copyright registration numbers in its amended complaint); *Greenberg v.*

*Scholastic, Inc.*, CV 16-6353, 2018 WL 1532850, at *2 (E.D. Pa. Mar. 28, 2018) (stating that "recent cases within the Third Circuit . . . have adopted the registration approach.") (citing *Dawes-Lloyd v. Publish America, LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011). *Browne v. Zaslow*, 103 F.Supp.3d 666, 671-72 (E.D. Pa. 2015) (dismissing copyright infringement claim based on plaintiff's lack of registration); *Gregory S. Markantone, DPM, PC. v. Podiatric Billing Specialists, LLC,* CIV.A. 14-00215, 2014 WL 2605361, at *3 (W.D. Pa. June 9, 2014) (same).

Further, it is unclear from the Second Amended Complaint what exactly Plaintiff claims is the content of its alleged copyright. Plaintiff provides no information other than that the copyright pertains to the "appearance" of its stool design. Therefore, Defendants are unable to determine the nature and scope of the copyright claim made against them. For all of these reasons, Plaintiff's copyright infringement claim must be dismissed.

## VIII.    Plaintiff fails to state a claim for tortious interference with business relations.

In order to state a claim for interference with prospective business relations, Plaintiff must allege, *inter alia*: "(1) the existence of a . . . prospective contractual relationship between the plaintiff and another party; (2) an intent on the part of the defendant to harm the plaintiff by . . . preventing the relationship from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct." *BP Envtl. Services, Inc. v. Republic Services, Inc.*, 946 F. Supp. 2d 402, 407 (E.D. Pa. 2013) (emphasis added). Plaintiff's Second Amended Complaint includes additional boilerplate statements of the requisite elements of proof but still fails to meet the pleading standards for tortious interference.

As to the first element, to establish the existence of a prospective contractual relationship, a plaintiff must show that it is "reasonably probable that, but for the wrongful acts of the defendant, the plaintiff would have had a contractual relationship with a third party." *Id.* at 412. A plaintiff

18

may not rest its claim on unspecified future business or "on a mere hope that additional contracts or customers would have been forthcoming but for defendant's interference." *Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.,* 801 F. Supp. 1450, 1459 (E.D. Pa. 1992). Plaintiff has failed to plausibly allege the existence of any prospective business relationships. The Complaint does not identify any anticipated contractual relationships or any customers that would have done business with Plaintiff but for Defendants' alleged conduct. Rather, Plaintiff refers to unknown, hypothetical "potential customers."

The threadbare allegations in the Complaint merely imply that Plaintiff has lost some unspecified "prospective contractual relations with potential customers" as result of Defendants' alleged conduct. ECF No. 30, ¶ 106. These allegations are insufficient to state a viable claim. *Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.*, CIV. 10-5303 DRD, 2011 WL 1080204, at *4 (D.N.J. Mar. 21, 2011) (holding that a generalized claim of "lost business of unknown, unsolicited, or hypothetical customers" is insufficient to state a tortious interference claim). Plaintiff's tortious interference claim must be dismissed.

## IX. Plaintiff fails to state a claim under Pennsylvania's Trademark Dilution Law.

Plaintiff's dilution claim in its Second Amended Complaint Claims is identical to that in the First Amended Complaint and should be dismissed as explained in Defendants' first Motion to Dismiss. Given a third opportunity to improve upon its pleading, Plaintiff has failed to present any additional facts or information to support such a claim. Under Pennsylvania's Trademark Dilution Law are identical to Lanham Act anti-dilution claims. *Strick Corp. v. Strickland,* 162 F.Supp.2d 372, 378 n.10 (E.D. Pa. 2001) ("As the federal and state dilution statutes contain virtually identical provisions, they are subject to the same analysis."). Plaintiffs must plead that it: "(1) owns a famous mark . . . (2) Defendants make commercial use of a mark . . . [in Pennsylvania];

(3) . . . after Plaintiff's mark became famous; and (4) Defendants' use causes actual dilution." *Colur World, LLC v. SmartHealth, Inc.*, No. 09-00505, 2010 WL 299512, at *7 (E.D. Pa. Jan. 25, 2010).

Plaintiff has not alleged facts to establish each element. Rather, Plaintiff's complaint makes conclusory allegations that its trademark is famous in Pennsylvania without any factual support to establish the distinctiveness and fame of its mark in accordance with the factors set forth in 54 Pa.C.S.A. § 1124 (1)-(7). *See Colur World,* 2010 WL 299512, at *7 (noting that the plaintiff substantiated its claim with factual allegations regarding its advertisements in Pennsylvania, promotion at tradeshows, and sales revenue). Plaintiff similarly fails to provide any factual allegations demonstrating use of the mark in Pennsylvania, by either party, as required by the pleading standard. Plaintiff also does not allege that Defendants' use arose after Plaintiff's mark became famous. As a result, Plaintiff fails to plausibly allege Defendants caused any dilution of its mark in Pennsylvania. This claim should be dismissed with prejudice.

<u>Conclusion</u>

This case should be dismissed for lack of personal jurisdiction, or alternatively transferred to the Central District of California. Should the case remain here, the complaint should be dismissed as a shotgun pleading violative of Rule 8. Finally, counts 1-6 and 8 should be dismissed for failure to state a claim.

January 10, 2019                        Respectfully submitted,

                                        /s/ Jenna C. Hutchinson
                                        Jenna C. Hutchinson
                                        PA ID No. 316553
                                        Troutman Sanders LLP
                                        875 Third Avenue
                                        New York, NY 10022
                                        (212) 704-6034

20

jenna.hutchinson@troutmansanders.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUIDECRAFT, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-01097 |
| | ) | |
| GOPLUS CORP., a California | ) | Electronically Served |
| Corporation, COSTZON, INC., a | ) | |
| California Corporation, and WEI WU, an | ) | |
| individual | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2019, the undersigned caused a true and correct copy of *"Brief in Support of Defendants' Joint Motion to Dismiss"* to be electronically served upon all counsel of record.


Respectfully submitted,

/s/ Jenna C. Hutchinson_____
Jenna C. Hutchinson
PA ID No. 316553
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
(212) 704-6034
jenna.hutchinson@troutmansanders.com

1